WILLIAM T. KIRBY *v.* LOUIS ZLOTNICK

ALCORN, C. J., HOUSE, THIM, RYAN and SHAPIRO, Js.

Argued November 5, 1970—decided January 26, 1971

*James F. Bingham,* with whom, on the brief, was *Paul D. Shapero,* for the appellant (plaintiff).

*Henry W. O'Brien,* for the appellee (defendant).

RYAN, J. This is a negligence action brought by the plaintiff, a tenant of the defendant, for injuries received as the result of a fall from the second-floor porch of a building owned by the defendant. At the conclusion of the evidence the defendant moved for a directed verdict on which the court reserved decision. The jury returned a verdict for the plaintiff which was accepted by the court. The defendant moved that the verdict be set aside on the grounds that it was contrary to the law and against the evidence. The court granted the motion, setting aside the verdict, and rendered judgment for the defendant. From this judgment the plaintiff has appealed to this court.

The action of the trial court in setting aside the verdict on the ground that it was not supported by the evidence is tested by the evidence printed in the appendices to the briefs. *Prystash* v. *Best Medium Publishing Co.,* 157 Conn. 507, 508, 254 A.2d 872. Since the only error assigned is the setting aside of the verdict, the finding in this case was superfluous. In testing the court's action in setting aside the verdict, the evidence must be given the most favorable construction to which it is reasonably entitled in support of the verdict. *Douglass* v. *95 Pearl Street Corporation,* 157 Conn. 73, 77, 245 A.2d 129; *Petrizzo* v. *Commercial Contractors Corporation,* 152 Conn. 491, 499, 208 A.2d 748.

From the evidence the jury reasonably could have found the following facts. The defendant was the owner of a three-story tenement house in which there were five apartments, two on the first floor, two on the second and one on the third. The plaintiff, his wife and child, occupied a second-floor apartment on a week-to-week tenancy. The plaintiff's apart-

ment, one of two on the second floor, was located on the right side of the building as one faced the front of the building. Between the two apartments there was a door opening onto a porch which extends across the entire front of the building. The occupants of both apartments used this front porch. On the day of the accident, October 27, 1961, the plaintiff came home from work, ate dinner, had one drink of whiskey, and left his apartment to visit a friend. He returned between 8 and 8:30 p.m. and decided "to play" with his wife. The plaintiff went out on the porch and knocked twice on the apartment window, then jumped back away from the window, grasping the railing on the right side of the porch. The top portion of the railing located on the right front corner of the porch swung out from the post causing the plaintiff to fall to the ground, resulting in the injuries complained of. No part of his body other than his hand touched the railing when it gave way. The porch was dry, rotted and peeling at the time of the accident and had been in this condition for at least two years prior thereto. The railing which gave way was rotted and two weeks before the accident was standing loose from the post to which it had been attached. The post was also rotted.

The defendant claims that the plaintiff did not sustain his burden of proving that control of the second-floor porch was retained by the defendant. Whether the defendant retained control of this area is essentially a matter of intention to be determined in the light of all the significant circumstances. *Dinnan* v. *Jozwiakowski,* 156 Conn. 432, 434, 242 A.2d 747; *Miller* v. *Mutual Mortgage Co.,* 112 Conn. 303, 305, 152 A. 154. The porch was used in common by the plaintiff and the other second-floor tenant. The only door to the porch connected it to a common hallway. There was no evidence that the porch was

intended to be a part of the plaintiff's apartment. In general, to have "control" of the place is to have the authority to manage, direct, superintend, restrict or regulate. *Bates* v. *Connecticut Power Co.,* 130 Conn. 256, 261, 33 A.2d 342. The defendant had access to this porch and a carpenter hired by the defendant made repairs on the first floor and went to the second-floor porch to inspect it one week before the accident. The jury could have found from the evidence that the porch was not part of the premises demised to the plaintiff and that the defendant retained control of it. The court so indicated in its memorandum of decision.

The trial court determined that while there was evidence as to a general condition of disrepair on the porch there was no evidence of knowledge by the landlord of the specific defect which caused the injury. The defendant was under a duty to use reasonable care to keep those portions of the premises over which he retained control in a reasonably safe condition. *Douglass* v. *95 Pearl Street Corporation,* supra, 82. There could be, however, no breach of this duty unless the defendant knew of the unsafe condition or was chargeable with notice of it because, had he exercised a reasonable inspection of the premises, he would have discovered it. *White* v. *E & F Construction Co.,* 151 Conn. 110, 112, 193 A.2d 716. The knowledge, whether actual or constructive, must be of the specific defective condition which caused the injury and not merely of conditions naturally productive of that defect, even though subsequently, in fact, producing it. *Monahan* v. *Montgomery,* 153 Conn. 386, 390, 216 A.2d 824; *White* v. *E & F Construction Co.,* supra, 114; *Drible* v. *Village Improvement Co.,* 123 Conn. 20, 23, 192 A. 308. On the question of notice the trier's consideration must be confined to the defendant's knowledge

and realization of the specific condition causing the injury, and such knowledge cannot be found to exist from a knowledge of the general or overall conditions obtaining on the premises. *Monahan* v. *Montgomery,* supra; *Krause* v. *Almor Homes, Inc.,* 149 Conn. 614, 618, 183 A.2d 273.

There was evidence that the second-floor porch was dry, rotted and peeling for at least two years prior to the accident. Two weeks before the accident the railing was rotted and the side of it where the plaintiff fell was standing loose from the post to which it had been attached. The defendant came to the apartment once a week to collect the rent. He was on the second-floor porch one week prior to the accident. Reuben Shuller, a carpenter who conducted his own business, did carpentry work for the defendant. He was familiar with the premises and was there a week before the accident. On that day he repaired the porch railing on the first floor. He then went up to the second floor and looked at the condition of the wood on the porch. He shook the post to see if it was loose, and shook the railing as he walked along. He checked the whole building. Certainly on these facts it was permissible for the jury to infer that Shuller was the defendant's agent.

While the evidence was contradictory, the jury were entitled to believe that the railing on the porch was rotted, and that on the side where the plaintiff fell it was standing loose from the post; that the post on the corner of the porch was rotted; that the defective condition of the railing caused it to swing out when the plaintiff placed his hand on it; that this condition was the specific defect which caused the plaintiff's injuries, and had existed for at least two weeks prior to the accident, a sufficient period of time within which the defendant, in the exercise of a reasonable inspection, should have discovered it.

There is error, the judgment is set aside and the case remanded with direction to render judgment on the verdict for the plaintiff.

In this opinion the other judges concurred.