RUSSELL BARTHOLOMEW *v.* SALVATORE CATANIA ET AL.

HOUSE, COTTER, THIM, RYAN and SHAPIRO, Js.

Argued March 3—decided April 20, 1971

*Howard Scheinblum,* with whom was *Morton W. Appleton,* for the appellant (plaintiff).

*John J. Reid,* for the appellee-appellant (defendant Presta).

*Dominic J. Ferraina,* for the appellee (named defendant et al.).

COTTER, J. The plaintiff, an ambulance driver, brought this action to recover damages for personal injuries resulting from a fall alleged to have been caused by the negligence of the defendants Salvatore and Ruth Catania and Joseph P. Presta, the tenants and landlord, respectively, of a single-family dwelling. The plaintiff alleged in his complaint that the occurrence and his resultant injuries were caused by the slippery, dangerous and defective condition of the surface of a private flagstone sidewalk leading from the side entrance of the premises. At the conclusion of the case, the defendants rested and moved for a directed verdict. The court reserved decision on the motion, pursuant to Practice Book § 255, and submitted the case to the jury. A verdict was returned in favor of the plaintiff against all the defendants. The trial court, on the motion of the defendants, set aside the verdict for the plaintiff and rendered judgment for the defendants notwithstanding the verdict on the ground that the evidence presented was insufficient to sustain the verdict. The plaintiff has appealed from the judgment and pursues, as the sole assignment of error, the claim that the court erred in granting the defendants' motion to set aside the verdict for lack of evidence and rendering judgment notwithstanding the verdict. The defendant Presta, pursuant to Practice Book

§§ 653–59, filed a bill of exceptions attacking certain rulings of the trial court. We find it unnecessary, in the view we take of the case, to consider the bill of exceptions.

In reviewing the decision of the trial court on the motion to set aside the verdict and for judgment notwithstanding the verdict, we must consider the evidence in the light most favorable to the plaintiff. *Kopjanski* v. *Festa,* 160 Conn. 61, 63, 273 A.2d 692; *Lewis* v. *Kasimer,* 153 Conn. 13, 15, 211 A.2d 837; see 53 Am. Jur., Trial, § 349. We determine whether the trial court, in the exercise of a broad legal discretion, was justified in taking the action it did. *Vuono* v. *Eldred,* 155 Conn. 704, 705, 236 A.2d 470; *Joanis* v. *Engstrom,* 135 Conn. 248, 251, 253, 63 A.2d 151.

Crucial to the plaintiff's recovery in this case is proof that the defendants had either actual or constructive notice of the presence of the specific defective condition which caused the plaintiff's fall. *Monahan* v. *Montgomery,* 153 Conn. 386, 390, 216 A.2d 824. The evidence printed in the appendix and offered in furtherance of this basic issue, taken in the light most favorable to the plaintiff's case, fails to support his position. That evidence discloses that the plaintiff testified that as he walked out of the house holding the rear end of a stretcher bearing Mrs. Catania's father he looked down and saw "snow on the ground but it looked relatively safe." He stepped off the landing with his right foot and stated that he "evidently stepped on the edge of a broken piece of flagstone." He further testified, referring to a photograph in evidence as an exhibit, that his "right foot stepped partially onto the flagstone and partially off on the flagstone causing" him "to slip off into the indentation." The photograph,

taken sometime after the plaintiff had fallen into the snow, moving it and scattering it around, does not in and of itself depict a specific unsafe or defective condition. When the plaintiff was about to step from the landing he observed only a flat surface of snow on the ground and he testified that he did not recognize the presence of flagstones until after the fall. He was unaware of the precise depth of the claimed separation between the flagstones.

The other evidence printed by the plaintiff relates to the testimony of the defendant Salvatore Catania and the defendant Presta. A review of Catania's testimony reveals that the walk consisted of separated flagstones which were in place when he rented the house and that it was difficult to judge from the photograph in evidence the area between the flagstones, but he did testify in this regard that it looked to him to be "about a foot." The remaining evidence printed by the plaintiff claimed by him to be pertinent to proof of an alleged defect in the surface of the flagstone walk relates to Catania's testimony that Presta agreed to put in a sidewalk. Catania gave as his reason for wanting the flagstone walk replaced with a sidewalk the fact that it was almost impossible to shovel, clean and maintain a flagstone walk. Catania, throughout his testimony, emphasized the fact that the flagstone walk was "hard shovelling" and difficult to maintain and stated that some of the flagstones were uneven, "some were thicker, some were smaller." This general statement was in no way related to or connected with a specific defect which would reasonably justify the verdict as rendered. Presta, the owner of the dwelling, testified that he, as the builder, installed the flagstones and that it was a normal, common and proper practice to install such a walk with separations between the

flagstones. The thrust of the snippets of evidence printed by the plaintiff focuses on "a broken piece of flagstone" which the plaintiff says he "evidently stepped on" and an "indentation." The plaintiff failed to identify the flagstone he claimed was broken and his exhibits do not show a broken flagstone or depict an observable indentation.

It is manifest from a review of the evidence offered in proof of a defective condition that such evidence tended to show the general overall condition of the walk, viz., the existence of separations between the flagstones common to such an installation and the variations in their size, placement, and thickness. While the plaintiff's appendix recites some meager evidence of a general condition related to the installation, appearance and maintenance of the flagstone walk, it does not contain any evidence of knowledge by the defendants of a specific defect which caused the injury and such knowledge cannot be found to exist simply from a knowledge of the general overall condition as described therein. Cf. *Kirby* v. *Zlotnick,* 160 Conn. 341, 344–45, 278 A.2d 822. Without, however, the identification in evidence of the presence of a specific defective or unsafe condition of the premises it is insufficient for the jury to conclude that the plaintiff is entitled to a verdict. *Monahan* v. *Montgomery,* 153 Conn. 386, 391–92, 216 A.2d 824; *White* v. *E & F Construction Co.,* 151 Conn. 110, 114, 193 A.2d 716.

The verdict of a jury cannot prevail if it is unsupported by the evidence. *Lopez* v. *Price,* 145 Conn. 560, 564, 145 A.2d 127; *Harris* v. *Clinton,* 142 Conn. 204, 209, 112 A.2d 885. From an examination of the imprecise evidence contained in the appendix to the brief of the plaintiff it appears that it was insufficient to satisfy the standard of proof re-

quired in a case of this kind to support the plaintiff's claim and impose liability on the defendants.

The action of the trial court in setting aside the verdict for the plaintiff and rendering judgment for the defendants notwithstanding the verdict cannot be said to have been an abuse of its discretion under the circumstances. *Robinson* v. *Southern New England Telephone Co.*, 140 Conn. 414, 421, 101 A.2d 491.

There is no error.

In this opinion the other judges concurred.