This action in negligence was tried to the jury which returned a verdict for the plaintiff. From the evidence the jury could have found the following facts: On August 12, 1969, the plaintiff was operating a vehicle which she owned on route 1 in Guilford, Connecticut. The vehicle was struck on the right side by the tailgate of a truck owned by the defendant Chappell Express, Inc., and operated by the defendant Thomas B. Bloomfield. Prior to the accident, the truck had been traveling west on route 1 and had made a left turn into a driveway located on the south side of route 1. The plaintiff's vehicle was traveling on route 1 at the time of impact. The plaintiff's `daughter, who was with her in the vehicle and seated in the front passenger seat, saw the truck cross route 1 and observed it in the driveway with its tailgate down. She testified that the truck came down the driveway, on to the shoulder of the road and then on to the road itself, striking the plaintiff's car on the passenger side.
Bloomfield testified that he usually left the tailgate, which was two-and-one-half feet wide, down *Page 651 
because of a mechanical defect. He also testified that the tailgate extended over the shoulder of the road when the body of the truck was in the driveway, and that because of the incline of the driveway it was possible for the truck to have rolled back several inches as he was down-shifting to reduce his speed. The plaintiff testified that after the impact Bloomfield had told her that he "had to change gears and [he] slipped back an inch."
Immediately after the accident the plaintiff noticed that her neck was injured. As a result of that injury she consulted and received treatment from several physicians. At the trial there was testimony that the plaintiff had suffered a 5-to-10 percent permanent disability of her neck.
The principal issues raised and pursued by the defendants on this appeal are: (1) whether the court erred in denying their motions to set aside the verdict and for judgment notwithstanding the verdict, and (2) whether it erred in denying their motion for a medical examination and a continuance.
The defendants claim that the court should have set aside the verdict or rendered judgment notwithstanding the verdict because the evidence establishes that the plaintiff was contributorily negligent. In reviewing the action of the trial court on those motions, the evidence must be considered in the light most favorable to the plaintiff. Bartholomew v. Catania, 161 Conn. 130,132. The decision of the trial court involved the exercise of a broad legal discretion, and it must stand unless that discretion has been abused. Vuono v. Eldred, 155 Conn. 704, 705. Whether the plaintiff was contributorily negligent was a question of fact for the jury to determine from all the surrounding circumstances. Salvatore v. Milicki, 163 Conn. 275, 279; Douglass v. 95 Pearl Street Corporation, 157 Conn. 73, *Page 652 
79-80. The defendants had the burden of proof on the issue of contributory negligence. Malone v. Santora, 135 Conn. 286, 293. Although the defendants pleaded contributory negligence as a special defense, they did not request the court to charge on that issue nor did they except to the charge as given. The defendants cannot retry the case on appeal. Byrne v. Trice, 170 Conn. 442. If reasoning minds could have reached the conclusion indicated by the verdict, on the basis of the evidence adduced, the verdict cannot be disturbed. Novella v. Hartford Accident Indemnity Co.,163 Conn. 552, 555.
There was ample evidence presented from which the jury could have reached the conclusions that the defendants were negligent and that the plaintiff was free from contributory negligence. The action of the trial court in denying the motions to set aside the verdict and for judgment notwithstanding the verdict was not an abuse of discretion. Kostyal v. Cass, 163 Conn. 92, 94; Birgel v. Heintz, 163 Conn. 23, 26. "The concurrence of the judgments of the judge and the jury, who saw the witnesses and heard the testimony, is a powerful argument for sustaining the action of the trial court. Giambartolomei v. Rocky DeCarlo Sons, Inc., 143 Conn. 468,474. . . ." Chanosky v. City Building Supply Co.,152 Conn. 642, 643.
The defendants also contend that the court abused its discretion by denying their motion for a medical examination and a continuation of the trial. In their motion the defendants claimed that the testimony that the plaintiff was suffering from a permanent partial disability was a surprise and a material alteration of the plaintiff's claims. They asked that the trial be continued until the results of an examination performed by their physician "have been published or prepared in a report." *Page 653 
A trial court's decision on a motion for a continuance is within its discretion and will not be overruled unless that discretion has been abused. State v. Manning, 162 Conn. 112, 121; State v. DiBella, 157 Conn. 330, 344; Rusch v. Cox,130 Conn. 26, 32. Every reasonable presumption must be drawn in favor of the correctness of the trial court's actions. State v. Manning, supra.
As the trial court stated in this case: "The record is replete with opportunities afforded the defendants to prepare for the evidence adduced long before the trial began." In September, 1970, the plaintiff gave her permission to allow the defendants' physician to examine her. The trial took place in January, 1975. The defendants had never arranged for an examination during the more than four years between September, 1970, and January, 1975. Furthermore, the complaint contained allegations that the plaintiff's injuries were of a "permanent and lasting nature" so that the defendants' claim of surprise had no merit. Finally, although the defendants represented that their physician would examine the plaintiff on the day following their request, they asked the court to continue the trial until a written report was prepared or published. That could have taken considerable time. At the time the defendants made their motion the trial was in its third day and the bulk of the evidence had been presented. In light of the record and the state of the proceedings, the trial court did not act unreasonably in denying the motion. It cannot be said that the court abused its discretion. See DiPalma v. Wiesen, 163 Conn. 293, 298-99.
 There is no error.
SPEZIALE, D. SHEA, and SPONZO, Js., participated in this decision.