[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON DEFENDANT'S MOTION FOR SUMMARY JUDGMENT (No. 107)
A. FACTS
On March 20, 1996, the plaintiffs, Sandra Brown and George Brown, filed a two count complaint against the defendants, Lucy D. Bielawski and Romualda Bielawski. On April 23, 1996, the plaintiffs filed a motion to cite in George Bielawski as a defendant in the matter, which was granted by the court, Holzberg, J., on May 6, 1996. On June 12, 1996, the plaintiffs filed a two count amended complaint in which they allege the following facts.
On September 8, 1995, the defendants, Lucy D. Bielawski, Romualda Bielawski and George Bielawski, "owned, operated, managed, controlled and/or maintained the premises located at 51 CT Page 5316-X Russell Avenue in Plainville, Connecticut." On that date, Sandra Brown was lawfully upon the defendants' premises as a business invitee when she tripped and fell, sustaining injuries, while walking down an interior stairway.
The plaintiffs claim that Sandra Brown's injuries, and attendant expenses, were caused by the negligence of the defendants, their agents and/or employees. The defendants were negligent because they: a) failed to properly maintain the stairways on the premises; b) failed to properly and reasonably inspect the stairways; c) failed to properly light the stairways on the premises; d) failed to warn the plaintiff, Sandra Brown, of the dangerous condition of the premises; e) failed to provide sufficient hand rails on the stairway on the premises in violation of building code section 616.5 et seq.; f) failed to provide sufficient standby power in violation of building code Section 618.9.4; and g) failed to provide emergency lighting in violation of building code Section 618.9.5.
In count one, the plaintiffs further allege that as a result of the negligence of the defendants, Sandra Brown suffered various injuries, is unable to work and has suffered a loss of earning capacity.
In count two, the plaintiffs allege that George Brown, husband of Sandra Brown, has been deprived of the care, companionship and consortium of his wife.
On August 6, 1996, the defendant, Lucy Bielawski, filed a motion for summary judgment on the ground that she is not the owner of the real estate located at 49-51 Russell Ave. and that she does not have any possessory interest or legal right or duty to control, maintain or manage the premises on 49-51 Russell Avenue. She has filed an affidavit in support of her motion as well as the judgment from the defendant's previous dissolution action. There is no memorandum in opposition in the court file.
B. DISCUSSION
"Summary judgment shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." (Internal quotation marks omitted.) Hammer v. Lumberman's MutualCasualty Co., 214 Conn. 573, 578, 573 A.2d 699 (1990). "As the CT Page 5316-Y party moving for summary judgment, the [defendant] is required to support its motion with supporting documentation, including affidavits." Heyman Associates No. 1 v. Insurance Co. ofPennsylvania, 231 Conn. 756, 796, 653 A.2d 122 (1995).
"The burden of proof is on the moving party and the standards of summary judgment are strictly and forcefully applied." Millerv. United Technologies Corp., 233 Conn. 732, 752, 660 A.2d 810
(1995). "The movant must show that it is quite clear what the truth is, and that excludes any real doubt as to the existence of any genuine issue of material fact." (Internal quotation marks omitted.) Id., 751-52. "In deciding a motion for summary judgment, the trial court must view the evidence in the light most favorable to the nonmoving party." (Internal quotation marks omitted.) Doty v. Mucci, 238 Conn. 800, 805, ___ A.2d ___ (1996). "Although the party seeking summary judgment has the burden of showing the nonexistence of any material fact . . . a party opposing summary judgment must substantiate its adverse claim by showing there is a genuine issue of material fact together with the evidence disclosing the existence of such an issue. . . ." (Internal quotation makes omitted.) Id., 808.
Summary judgment "is appropriate only if a fair and reasonable person could conclude only one way." Miller v. UnitedTechnologies Corp., supra, 233 Conn. 751. "A summary disposition . . . should be on evidence which a jury would not be at liberty to disbelieve and which would require a directed verdict for the moving party." (Brackets omitted, internal quotation marks omitted.) Id., 752.
The defendant, Lucy Bielawski moves for summary judgment on the grounds that she is not an owner of the real estate in question, and that she has no possessory interest, legal right, or duty to control, maintain or manage the premises located at 51 Russell Ave., Plainville, Connecticut.
"[L]iability can be predicated upon negligence in the control and possession of premises, as opposed to mere ownership thereof." Mack v. Clinch, 166 Conn. 295, 296, 348 A.2d 669
(1974). "Liability for an injury due to defective premises does not depend on title, but on possession and control." Farlow v.Andrews Corp., 154 Conn. 220, 225, 224 A.2d 546 (1966). "Liability for negligence does not depend upon title; a person is liable for an injury resulting from his negligence in respect of a place or instrumentality which is in his control and CT Page 5316-Z possession, even if he is not the owner thereof." (Internal quotation marks omitted.) Ziulkowski v. Kolodziej, 119 Conn. 230,232, 175 A.2d 780 (1934). "[L]iability for failure to repair depends upon who has possession and control, rather than upon mere ownership." Id. "[I]t is the possession of land that imposes the liability for injuries, rather than the ownership of land."Edwards v. Tierney, Superior Court, judicial district of New Haven at New Haven, Docket No. 357475 (February 16, 1996, Corradino, J.), quoting Connecticut Law of Torts, 3d ed, Wright, Fitzgerald, Ankerman § 46, p. 108. "[M]ere ownership doesn't form the basis of liability — possession and control is necessary."Benson v. Nickal Realty Company, Superior Court, judicial district of New Haven at New Haven, Docket No. 375535 (March 22, 1996, Corradino, J.).
"[W]here there [is] doubt to title and the defendant had assumed ownership, collected rent and was in actual possession of the part of the premises where the accident occurred, she could be held liable for failure to repair . . . ." Zorn v. Beal,134 Conn. 697, 701, 60 A.2d 655 (1948). "A party who is in actual possession and control of premises or that part of them where an accident happens is chargeable notwithstanding any flaw in his right of possession and control." Ziulkowski v. Kolodziej, supra,119 Conn. 233.
The defendant, Lucy Bielawski, has filed an affidavit in which she avers that the real estate located at 49-51 Russell Ave. was transferred to George Bielawski as part of a divorce settlement. In support of her affidavit, the defendant has provided the court with a copy of the judgment from the defendant's previous dissolution action. Even assuming that the defendant is not the owner of the premises in question, it is clear that liability for an injury due to defective premises does not depend on title, but on possession and control.
The defendant attests in her affidavit that she had no right to control or maintain the premises at 49-51 Russell Ave. In her brief supporting the motion for summary judgment, the defendant cites Dinnan v. Jazwiakowski, 156 Conn. 432, 242 A.2d 747 (1968) and Kirby v. Zlotnick, 160 Conn. 341, 278 A.2d 822 (1971) as authority in support of her argument that the threshold issue of control or possession must be determined before the reaching the question of whether the landlord was negligent. The defendant's reliance on Dinnan v. Jazwiakowski, supra, 156 Conn. 432, andKirby v. Zlotnick, supra, 160 Conn. 341, is misplaced. CT Page 5316-AA
"Whether the defendant retained control of [the] area is essentially a matter of intention to be determined in the light of all the significant circumstances." (Emphasis added.) Kirby v.Zlotnick, supra, 160 Conn. 343. In Dinnan v. Jazwiakowski, the court emphasized that "[w]hether the defendant retained control over [the] stairway presented a question of fact to be determined under all the circumstances including the location and the enjoyment of the use by the tenant and the landlord. Retention of control is essentially a matter of intention to be determined in the light of all the significant circumstances." (Emphasis added.) Dinnan v. Jazwiakowski, supra, 156 Conn. 434. In that case, "[t]he question of control was clearly placed in issue and became a question of fact to be resolved by the jury under all the circumstances." Id., 435. Because the question of control over the premises is a question of fact and involves the intent of the defendant, it should be resolved by the jury. "[S]ummary judgment procedure is particularly inappropriate where the inferences which the parties seek to have drawn deal with questions of motive, intent, and subjective feelings and reactions." (Emphasis added; internal quotation marks omitted.)Suarez v. Dickmont Plastics Corp., 229 Conn. 99, 111,639 A.2d 507 (1994). Because there is a genuine issue as to a material fact, it is decided that the defendant's motion for summary judgment should be denied.
C: CONCLUSION
For the reasons herein stated, it is concluded that the plaintiff's motion for summary judgment ought to be and is hereby denied.
It is so ordered,
ARENA, J.