[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
 STATEMENT OF THE CASE
The plaintiff, a deacon, was assisting in the serving of mass at the defendant church on April 23, 1995.
As he approached the altar, he fell and sustained an injury to the rotator cuff of his left shoulder. He also claims a carpel tunnel problem was caused by the fall.
The defense argues that there was no notice of a defect, no identified defect, and that the plaintiff was contributorily negligent.
 DISCUSSION I.
The plaintiff is asking the court to find that his fall and resulting injuries were caused by a defect in the area of the altar. This defect would be the result of the church's use of throw rugs, the one in question being behind the altar.
The throw rugs were made from remnants of the new carpeting CT Page 13116 laid down about a year prior to this accident. They were stitched and edged and placed in areas bearing the most wear. One was placed at the foot of the three chairs, beyond the altar, and one was placed behind the altar where the celebrants would stand.
There is no history of complaints about these rugs, no mention of anyone falling because of them, and no one complaining that they tended to "curl up" or "bunch up. "
The plaintiff had traversed this area in the course of his duties over 40 times since the carpeting was replaced and the throw rugs put in use.
The only suggestion of a condition which involved these rugs was the plaintiff's testimony that the rug in front of the chairs had a tendency to move. This rug is not involved in this case.
The plaintiff admitted he knew of the rug behind the altar, that it did not move, and he never saw it "curled up" till his fall. The rug was not disturbed when the plaintiff served at the preceding mass at 9:30 A.M.
Father Francis Krukowski, pastor at the time of the accident, testified that he frequently traversed the area in question and experienced no problems. After the fall, he examined the area and saw nothing wrong with the rug.
The law in Connecticut is that one seeking to recover for a breach of a duty owed by a landowner must prove that the owner had actual or constructive notice of a specific unsafe condition.Monahan v. Montgomery, 153 Conn. 386, 390 (1966); Bartholomewv. Catania, 161 Conn. 130, 134 (1971); additional citations omitted.
The court concludes the plaintiff has not sustained the burden required of him.
 II.
While the conclusion reached above is dispositive of the case, the court would also note that the plaintiff's proof was also lacking in presenting a clear indication of where and how he fell.
The plaintiff testified that he fell with his left shoulder CT Page 13117 and right hand striking the step behind the altar. He had attempted to stop his fall with his right hand. The rug in question was located behind the altar but did not extend beyond it. The plaintiff further stated it was his left foot that he "presumes hit the carpet." His left foot caught on something and he "understood he fell on the rug." He stated that as he approached the altar, watching Father Krukowski, he got around the edge of the altar and felt himself falling.
The court reasons that for the plaintiff to strike the step beyond the altar area with his left shoulder and right hand, he had to be moving forward when he fell.
He could not encounter the rug behind the altar until he turned to his right. Then, if his left foot caught on the rug, he would fall parallel to the step and to the altar, but his right hand would be in no position to reach the step.
Photographs of the area, though hazy, depict some space between the altar and the step.
Father Krukowski, who was also the celebrant of the mass, and walking to the plaintiff's right, was not sure that the plaintiff had reached the rug when he fell.
If the plaintiff were moving forward as noted above, he could not have reached the rug placed behind the altar.
 CONCLUSION
The court is sympathetic to the plaintiff, particularly in light of his role as a volunteer to his church. However, in view of the existing law, judgment must enter for the defendants.
Anthony V. DeMayo Judge Trial Referee