[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM RE: MOTION FOR SUMMARY JUDGMENT
The defendant moves for summary judgment on the ground that the defendant did not retain possession or control over the stairway upon which the plaintiff fell and is therefore not legally liable for the alleged injury to the plaintiff. When a landlord retains control of a portion of the leased premises, "the landlord must use reasonable care to keep that portion of the premises in a reasonably safe condition." Pollack v. Gampel,163 Conn. 462, 468, 313 A.2d 73 (1972). "Unless it is definitely expressed in the lease, the circumstances of the particular case determine whether the lessor has reserved control of the premises . . . and it becomes a question of fact and is a matter of intention in the light of all the significant and attendant facts which bear on the issue." Panaroni v. Johnson,158 Conn. 92, 98, 256 A.2d 246 (1969); see also Kirby v. Zlotnick,160 Conn. 341, 343, 278 A.2d 822 (1971) ("Whether the defendant retained control of this area is essentially a matter of CT Page 14794 intention to be determined in the light of all the significant circumstances.") The lease provides that the landlord "must keep the common areas and the Apartment in good repair;" (Lease ¶ 14); and that the tenant is "responsible for the maintenance of the interior. . . ." (Lease ¶ 15.) "The written lease read as a whole cannot be said to resolve definitely or expressly the issue of control. Thus the actual use of the stairway, the circumstances attending its use, and the evidence as to repairs become relevant to the issue of actual control." Panaroni v.Johnson, supra, 158 Conn. 99. Because the issue of control in this case is not resolved by the lease and because the pleadings do not make clear whether the stairs are inside the apartment or are a common area, it is a question of fact for the jury. Therefore, the motion for summary judgment is denied.
By the Court
Gill, J.