[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION ON DEFENDANT SERVCO'S MOTION FOR SUMMARY JUDGMENT
The plaintiff Elbert Gonzalez has sued Servco Industries for damages for personal injuries he sustained when he slipped on an accumulation of liquid soap on the floor of a public bathroom at the Brass Mill Center in Waterbury. He alleges that Servco was responsible to clean and maintain the restroom. He has also sued Interstate Connecticut Corporation, doing business as Hoyt's Cinema, and GGP Homart, Inc. GGP is the owner of the premises — a large shopping center — and Interstate is the lessee of the third floor of the center where the plaintiff fell.
Servco has filed a Motion for Summary Judgment, with a memorandum of law and attachments, alleging that there is no genuine issue of material fact that Servco was not in control of the third floor restrooms. Gonzalez opposes the motion.
Servco's attachments are quite convincing. They include responses to Requests for Admissions from the other defendants admitting that Servco was not responsible for the maintenance of the third floor restrooms. One CT Page 2039 of these documents contains admissions from the defendant Interstate admitting that at all relevant times Interstate "maintained the men's room in issue," and that "Servco Industries did not maintain the men's room in issue."
This does not end the dispute, however, for a number of reasons. First none of the admissions contains the operative word "control," which is an issue for the jury to decide in determining the liability of any of the defendants for the plaintiff's injuries. The maintenance of a premises is only one indication of who has "control" of that premises. Other factors are such acts as conducting or directing inspections or surveys of the property; restricting or allowing entry onto the premises; warning others of conditions on the property, or setting or laying out rules for conduct upon the property; or using the premises or property to store things. SeePanaroni v. Johnson, 158 Conn. 92, 98-100 (1969); Kirby v. Zlotnick,160 Conn. 341, 344 (1971).
Second, although Interstate has filed a document amounting to an evidentiary admission of maintenance, it has denied the paragraph of the plaintiff's complaint that pleads control of the restroom by Interstate. At this stage, therefore, control is still a disputed factual issue, unless the evidence is susceptible to only one interpretation.
Third, the plaintiff has submitted a document that Interstate or Servco produced in discovery that is the contract and specification sheet for Servco's services to Interstate. In one part of the document, the specification calls for Servco to provide maintenance services to the "entire facility" at the Brass Mill Center. While it is true that another part of the document calls for Servco to provide services only to two of the three floors, even that part does not specify to which two floors.
In deciding a Motion for Summary Judgment, the trial court must view the evidence in the light most favorable to the nonmoving party. Appletonv. Board of Education, 254 Conn. 205, 209, 757 A.2d 1059 (2000). The party seeking summary judgment has the burden of showing the absence of any genuine issue of material fact, such that it is entitled, under principles of substantive law, to a judgment as a matter of law. Id. In ruling on a motion for summary judgment, the court's function is not to decide the issues of material fact, but rather to determine whether any such issues exist. Nolan v. Borkowski, 206 Conn. 495, 500, 538 A.2d 1031
(1988). Thus, this court has no occasion to say that Servco's evidence is better and weightier than that of the plaintiff. It may be that Servco's evidence carries the day.
At the moment, however, the court cannot say that the plaintiff lacks any evidence that Servco controlled the premises where the plaintiff was CT Page 2040 injured. There exists a material, disputed issue of fact. Accordingly, the defendant Servco's Motion for Summary Judgment is denied.
Patty Jenkins Pittman, Judge