[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: MOTION FOR SUMMARY JUDGMENT #110
The plaintiff, Elvira Lopez, alleges that she slipped and fell going up the stairs of an apartment located at 309 Broad Street, in Meriden, Connecticut on January 16, 1997. (Revised Complaint, ¶ 4.) The plaintiff's husband leased the apartment from the defendants, Helen and Joseph Kruy. (Lease Agreement.) The plaintiff alleges that as a result of her fall, she suffered injuries including a fractured right ankle, right ankle pain and shock to her nervous system. (Revised complaint, ¶ 7.)
On June 17, 1999, the plaintiff filed a revised complaint consisting of a negligence count and a nuisance count. The plaintiff claims that her injuries were a result of the defendants' negligence in allowing the CT Page 3404 treads of the staircase to become dangerously narrow. Also, she alleges that the defendants failed to protect against the danger of the narrow treads creating a nuisance. On January 31, 2000, the defendants answered the complaint and filed a special defense alleging contributory negligence. The defendants filed a motion for summary judgment and supporting memorandum on July 19, 2001. The defendants argue that they were not in control of the premises when the injury occurred and, therefore are not liable for the plaintiff's injuries. On September 14, 2001, the plaintiff filed an objection to the motion for summary judgment.
Pursuant to Practice Book § 17-49, a motion for summary judgment shall be granted if "there is no genuine issue as to any material fact and the [movant] is entitled to judgment as a matter of law." Practice Book § 17-49. "In deciding a motion for summary judgment, the trial court must view the evidence in the light most favorable to the nonmoving party." (Internal quotation marks omitted.) Appleton v. Board ofEducation, 254 Conn. 205, 209, 757 A.2d 1059 (2000). The moving party has "the burden of showing the absence of any genuine issue [of] material facts which . . . entitle him to judgment as a matter of law." Id. In order for the motion to be denied, the opposing party must show through evidence that a genuine issue of material fact exists. Id.
The plaintiff alleges that the defendants were negligent by failing to use reasonable care in repairing the dangerous condition of the staircase. In order to prevail in a negligence claim, the plaintiff must prove duty, breach, causation and damages. Maffucci v. Royal Park Ltd.Partnership, 243 Conn. 552, 566, 707 A.2d 15 (1998); Medcalf v.Washington Heights Condominium Association, 57 Conn. App. 12, 16,747 A.2d 532, cert. denied, 253 Conn. 923 (2000). Generally, "issues of negligence are ordinarily not susceptible of summary adjudication but should be resolved by trial in the ordinary manner." (Internal quotation marks omitted.) Fogarty v. Rashaw, 193 Conn. 442. 446, 476 A.2d 582
(1984). Summary judgment is inappropriate in negligence cases, where "the ultimate issue in contention involves a mixed question of fact and law, and requires the trier of fact to determine whether the standard of care was met in a specific situation." (Citations omitted; internal quotation marks omitted.) Michaud v. Gurney, 168 Conn. 431, 434, 362 A.2d 857
(1975).
"Liability for a claimed injury due to a defective premises depends on possession and control and not on title." Fernandez v. Estate of FredAyers, 56 Conn. App. 332, 335, 742 A.2d 836 (2000), citing Farlow v.Andrews Corp. , 154 Conn. 220, 225, 224 A.2d 546 (1966). In order to determine whether the defendants breached a duty owed to the plaintiff, the court must first determine whether the defendants had control over CT Page 3405 the premises at the time of the plaintiff's injury. At common law, a landlord is under no implied obligation or liability for injuries arising out of a defective condition of the demised premises or for failing to repair defects where he has made no contract addressing the defective condition or his duty to repair. Panaroni v. Johnson, 158 Conn. 92, 97,256 A.2d 246 (1969); Mack v. Lavalley, 55 Conn. App. 150, 162,738 A.2d 718, cert. denied, 251 Conn. 928 (1999). Absent a contract or lease, control over the premises determines liability. Mack v. Lavalley, supra, 162. Courts have defined control as having the power to "manage, direct, superintend, restrict or regulate" the premises. Kirby v.Zlotnick, 160 Conn. 341, 344, 278 A.2d 822 (1971); Doty v. Shawmut Bank,58 Conn. App. 427, 432, 755 A.2d 219 (2000). Unless the lease designates who has control, the court must look at the intention of the parties in light of all the circumstances. Kirby v. Zlotnick, supra, 343; Panaroniv. Johnson, supra, 98. Where the lease determines that the landlord has control of the demised premises, he has a duty to use reasonable care to maintain the premises and keep it safe. Mack v. Lavalley, supra, 162.
In ascertaining whether the landlord retained control over the demised premises, the court looks at the language of the lease, and when necessary, at the landlord's actions. Panaroni v. Johnson, supra,158 Conn. 98. Where the language of the lease is clear, the court does not have to look at the actions or conduct of the landlord and tenant. Id., 99. The landlord can retain control when the lease grants the landlord the right to inspect the premises and the right to make repairs. Id., 98. Furthermore, the landlord can remain in control by reserving the right to have general access to the premises for inspection. Masterson v. Atherton, 149 Conn. 302, 310, 179 A.2d 592
(1962). The landlord can also have control by restricting the tenant from making repairs. Panaroni v. Johnson, supra, 99. Thus, when determining whether the landlord retained control of the demised premises, the court must look at the lease to determine the rights and restrictions pertaining the landlord and tenant.
The Panaroni court found that a landlord can retain control of the premises through the use of the lease. In Panaroni, the landlords reserved the right to enter onto the premises to make repairs and were granted general access to the premises for inspection or whenever necessary. Moreover, the tenant was forbidden to use nails or screws in any part of the premises. Panaroni v. Johnson, supra, 158 Conn. 100. The court held that without the ability to use nails, the tenant was restricted from making repairs and thus had no control over the premises. Id. Similarly, in the present case, the lease restricted the tenants' use of nails, hooks and screws in any part of the property. (Lease, ¶ 12(d).) As inPanaroni, the defendants retained the right to enter the apartment to make repairs and were granted general access to the premises with workmen CT Page 3406 and contractors. (Lease, ¶ 7.) The lease, however, goes even further and forbids the tenants from making any changes to the premises without the permission of the defendants. (Lease, ¶ 10.) By determining the rights of the defendants and the tenants, the lease creates a genuine issue of material fact over the defendants' control of the premises.
The defendants argue that the motion for summary judgment should be granted because the defendants relinquished control of the premises to the tenants. They analogize this case to Lundfelt v. Rocky River RealtyCo., Superior Court, judicial district of New London at New London, Docket No. 536994 (June 22, 1999, Mihalakos, J.) and state that the defendants did not have control despite the fact that they had the right to enter the premises and make necessary repairs. In Lundfelt, however, while the landlord still retained the right to inspect the premises, the tenant was responsible for maintaining the premises and keeping it in good condition. Id. Under the lease, the tenants were required to make all repairs. Id. Comparatively, in the present case, the tenants were under no obligation to repair the premises. Because the lease does not put full responsibility on the tenants to repair the premises, there is a genuine issue of material fact regarding the defendants' control of the premises. The defendants have failed to carry their burden and of demonstrating that they were not in control of the premises.
In the second count of the revised complaint, the plaintiff claims that the defective condition of the stairs created a nuisance. In order to be successful on a nuisance claim, however, the plaintiff must show that "the condition complained of had a natural tendency to create a continuing danger" and "that the defendants' use of the land was unreasonable or unlawful, and that the condition was the proximate cause" of the injuries. New London Federal Savings Bank v. Tucciarone,48 Conn. App. 89, 98, 709 A.2d 14 (1998). Furthermore, the plaintiff must demonstrate that the defendants, as owners, had control over the area creating the nuisance. Id., 98. As in the negligence claim, the defendants have failed to show that, as a matter of law, they did not have control of the premises. Thus, the motion for summary judgment as to the second count sounding in nuisance is denied because the lease raises a genuine issue of material fact regarding control of the premises at the time of the plaintiff's injury.
Therefore, defendants Kruy's motion for summary judgment is denied, as the defendants have failed to show the absence of a genuine issue of material fact regarding their control of the demised premises.
BY THE COURT
Skolnick, J. CT Page 3407