DECISION ON APPEAL
PER CURIAM.
This action, seeking damages pursuant to MTO 2001-07 for personal injuries suffered by the Plaintiff as the result of slipping [1] on a strawberry on the floor of the Season’s Buffet, was tried to the Gaming Disputes Trial Court and resulted in a judgment for the Defendant. The Trial Court’s Memorandum of Decision, Wilson, J., found that the evidence produced at trial by the Defendant established that its employees had taken reasonable care to maintain the premises in a reasonably safe condition. The Trial Court’s discussion, however, went on to note that the Plaintiffs evidence had not proven that the Defendant had constructive notice of the specific condition which occasioned the injury, i.e., the strawberry on the floor, and that one of her witnesses rather had testified that the floor was “dirty”.[2] Plaintiffs appeal challenges the Trial Court’s application of the “specific defect” rule, and argues that the evidence established that the Defendant had constructive knowledge of “general debris” on the floor.
The Defendant is certainly correct in its argument that the “specific defect” *478 rule is firmly established ⅛ Connecticut jurisprudence. In order to impose liability based on a breach of duty to use reasonable care to keep premises in a reasonably safe condition, the Plaintiff must prove the possessor of premises had either actual knowledge of the alleged defect or constructive knowledge “because had he exercised a reasonable inspection of the premises, he would have discovered it.” Kirby v. Zlotnick, 160 Conn. 341, 344, 278 A.2d 822 (1971). The particular defect has been repeatedly described as follows:
The knowledge, whether actual or constructive, must be of the specific defective condition which caused the injury and not merely of conditions naturally productive of that defect, even though subsequently, in fact, producing it. [citations omitted] ... On the question of notice the trier’s consideration must be confined to the defendant’s knowledge and realization of the specific condition causing the injury, and such knowledge cannot be found to exist from a knowledge of the general or overall conditions obtaining on the premises, [citations omitted].
Kirby v. Zlotnick, 160 Conn. 341, 344-345, 278 A.2d 822 (1971).
Based on this oft-repeated rule, the parties have argued whether proof that the floor of the Season’s Buffet was covered with general debris satisfies the “specific defect” requirement.[3] Whether the distinction drawn by tbe “specific defect” requirement, between the actual defect and conditions causing the defect, has any relevance to this case is not at all certain.[4] However, in our view it is not necessary to reach this issue in that the opinion of the Trial Court makes clear that the evidence submitted by the Defendant established that reasonable care had been taken by the Defendant’s employees to make the premises reasonably safe, and thus there was no finding of negligence.[5]
It is not the function of this, or any other appellate court, to retry the case or to make factual findings on its own:
The fact-finding function is vested in the trial court with its unique opportunity to viewr the evidence presented in a totality of circumstances, i.e., including its observations of the demeanor and conduct *479 of the witnesses and parties, which is not fully reflected in the cold, printed record which is available to us. Appellate review of a factual finding, therefore, is limited both as a practical matter and as a matter of the fundamental difference between the role of the trial court and an appellate court.
Lupien v. Lupien, 192 Conn. 443, 445, 472 A.2d 18 (1984). The review by this court of the findings of fact by the Trial Court is limited:
Sec. 60-5. Review by the Court; Plain Error; Preservation of Claims.
The court may reverse or modify the decision of the trial court if it determines that the factual findings are clearly erroneous in view of the evidence and pleadings in the whole record, or that the decision is otherwise erroneous in law.
Conn. Prac. Bk. Section 60-5.[6]
Under the “clearly erroneous” standard of review, a factual finding by the Trial Court must stand unless clearly erroneous as a matter of law. The function of this court is not to determine whether the trial court could have reached a different conclusion other than the one reached, but rather could it reasonably have reached the one that it did. Allen v. Nissley, 184 Conn. 539, 542, 440 A.2d 231 (1981). In this respect the Trial Court heard the testimony of Ms. Allison Fontecchio, the Seasons Buffet supervisor, that there were twenty-eight employees on duty that night, all of whom were trained to keep their sections clean and to pick up debris.[7] Through a translator, the Defendant introduced the testimony of a former beverage server, who observed the strawberry after the Ms. Alday slipped. The strawberry was described as “on the top of a cream[8] which is from the cup, like that”, and was not damaged.[9] Further, the Plaintiff directed the employee “not to touch it” and stated “It is an evidence of mine, and you yourself, this also a witness of mine.” [10]
The Defendant further presented the testimony of Ms. Diane McWilliams, the shift manager for The Mohegan Sun Environmental Services Department, which was responsible for cleaning the casino, including the Seasons Buffet. She testified that the Department assigns three attendants (four on a busy night) to the Seasons Buffet, who aré in charge of keeping the floor clean, and that the conditions described by Ms. Vaill could not have occurred during patron hours.[11] Similarly, the Manager of the Environmental Services Department, Anthony Payette, testified that it was impossible for the floor to remain in such condition for any period of time, let alone an hour.[12]
It is clear from the Trial Court’s Memorandum of Decision that the credibility of the witnesses was central to its conclusion that reasonable care was taken *480 to maintain the premises in a reasonably safe condition. “Where the trial court is the arbiter of credibility, this court does not disturb findings made on the basis of credibility of witnesses.” Ruiz v. Gatling, 73 Conn.App. 574, 576, 808 A.2d 710 (2002).
The judgment of the Gaming Disputes Trial Court is affirmed.

. The Plaintiffs testimony at trial indicated that while she slipped on a strawberry and did not actually fall, which is consistent with the allegations of her complaint, although the incident report indicated a fall to the floor. Plaintiff's Exhibit P-2.

. The testimony of the witness, Ernestine Vail), was as follows:
Q: And what was the condition of the floor?
A: In my opinion, it was dirty. 1 mean like food on the floor. Transcript at 51.

. The Plaintiff's complaint, while it does allege that she slipped and twisted on a strawberry, alleges negligence in allowing the floor "to be covered and littered with debris, vegetable matter and other substances, when the same were dangerous to the plaintiff and other patrons walking on said floor.” Plaintiffs Complaint, Paragraph 5(a).

. This requirement appears to have originated in Carl v. City of New Haven, 93 Conn. 622, 107 A. 502 (1919), and in fee context of the facts of that case its application is clear. In Carl the plaintiff fell on ice, and sought to prove notice by establishing that the defendant city had knowledge of the conditions of water runoff and low temperatures such that it should have known that an icy condition would be produced. The Supreme Court of Errors rejected the trial court’s charge to the jury to this effect, distinguishing between notice of conditions likely to produce an icy condition and notice of the icy condition itself. In the instant case, it is fairly obvious feat the allegation of debris does not refer to a condition that produced the alleged defect, but rather was merely a more general description of it.

.The Plaintiff introduced evidence though the testimony of Enerstine Vaill which, if accepted by the Trial Court, could have established that because of a medical condition that had required her to use a cane, she was especially observant as to the condition of the floor, which had food on it; that she remained for approximately one hour and there was no change in this condition, and that she observed the Plaintiff slip on a strawberry. The Trial Court, however, clearly gave more weight to the testimony of the six defense witnesses as to the care taken to maintain the premises in a reasonable safe condition.

. This provision is not included in the Gaining Disputes Court of Appeals Rules of Appellate Procedure. It is adopted pursuant to G.D.A.P. Rule 1(a).

. Transcript at 20.

. This was later clarified to mean whipped cream. Testimony of Ms, Yee Lau, Transcript at 49.

. I his was echoed by the testimony of a beverage server, Ms. Pat Gemaly, who also testified that the Plaintiff was laughing as she was taken away on a stretcher. Transcript at 73-76. .

. Testimony of Ms. Yee Lau, Transcript at 45-46.

. Testimony of Ms. Diane McWilliams, Transcript at 58.

. Testimony of Mr. Anthony Payette, Transcript at, 88,