VERONICA ROCKWELL *v.* MITCHELL L. QUINTNER
(AC 26799)

Flynn, C. J., and Rogers and Lavine, Js.

Argued March 23—officially released June 27, 2006

*William F. Gallagher*, with whom, on the brief, were *Hugh D. Hughes* and *Edward Krasnow*, for the appellant (plaintiff).

*Barbara A. Frederick*, for the appellee (defendant).

*Opinion*

ROGERS, J. The plaintiff in this dental malpractice action, Veronica Rockwell, appeals following the trial court's rendering of summary judgment in favor of the defendant, Mitchell L. Quintner, on the ground that the action was time barred. She claims on appeal that the court (1) improperly rendered summary judgment because the complaint and the defendant's affidavit raised an issue of material fact in regard to whether secondary treatment performed by the defendant caused some of the injuries alleged, which would make the action timely, (2) abused its discretion in denying her supplemental motion to reargue and refusing to consider an accompanying affidavit, and (3) improperly rendered summary judgment because the defendant's affidavit did not provide a sufficient basis for the court's determination that the plaintiff indisputably should have discovered injuries stemming from her initial treatment by a certain date. We conclude that the defendant's affidavit did not dispose of all issues of material fact raised by the complaint, specifically, whether some of the injuries alleged by the plaintiff resulted from

secondary treatment.[1] Accordingly, we reverse the judgment of the trial court.

The following procedural history is relevant to the appeal. The plaintiff, proceeding pro se, brought a claim of dental malpractice against the defendant via a complaint filed March 5, 2004. She alleged in relevant part that "[c]ommencing on or about March 23, 2000, the [d]efendant agreed, for compensation, to provide dental care to the [p]laintiff, specifically, cosmetic dentistry consisting of putting veneers and crowns, he created, on [the] [p]laintiff's teeth, and putting in a bridge." The plaintiff averred further that "[f]rom on or about March 23, 2000 through March 7, 2002, the [p]laintiff continued to receive dental treatment and regular examinations from the [d]efendant, yet the [d]efendant failed to remedy the problems caused by his installation of the veneers and crowns, he created, on the [pl]aintiff's teeth, and in fact the [d]efendant caused substantial damage to the teeth, mouth, and jaw of the [p]laintiff, which is causing constant pain to and dysfunction of the mouth and jaw of the [p]laintiff." She claimed that the damage was caused by the defendant's negligence and that he had failed to comply with the ordinary standard of care for cosmetic dentists in several enumerated respects, including his "creat[ion] and install[ation] [of] veneers and crowns on the [p]laintiff's teeth that did not properly fit . . . ."

In his answer, the defendant admitted providing dental care to the plaintiff, including the placement of veneers and crowns, but denied violating any standards of care. He also raised two special defenses, including that the plaintiff's claim was barred by the statute of limitations set forth in General Statutes § 52-584.[2]

---

[1] Because our resolution of the first claim is dispositive of the appeal, we need not reach the remaining issues raised by the plaintiff.

[2] General Statutes § 52-584 provides in relevant part that "[n]o action to recover damages for injury to the person . . . caused by . . . malpractice of a . . . dentist . . . shall be brought but within two years from the date

On April 4, 2005, the defendant filed a motion for summary judgment on the basis of the statute of limitations defense. He noted the allegation in the plaintiff's complaint that her treatment by him had commenced on or about March 23, 2000, and he argued that the plaintiff had failed to bring her claims within two years of the date on which she discovered, or in the exercise of reasonable care ought to have discovered, the resultant harm, as required by § 52-584. The defendant argued further that the plaintiff's claims were barred by the three year repose provision contained in § 52-584, because the acts complained of occurred prior to May, 2000, and the action was not initiated until more than four years later.

In support of the motion for summary judgment, the defendant submitted his affidavit dated March 30, 2005. Therein, he attested to, inter alia, the following: The plaintiff had been his patient since 1985; on or about March 23, 2000, she had requested that he perform reconstructive work, including veneers, crowns and a bridge; he completed that work in May, 2000; on or about November 29, 2001, the plaintiff complained of jaw pain; on or about February 5, 2001, she complained that her back teeth were too short, her anteriors too wide and her premolars too yellow, that her teeth sloped from left to right and that her gums were bleeding; on or about February 5, 2002, the plaintiff visited his office for a consultation and "[o]n that day [he] treated teeth number[s] 12 and 28, and [he] replaced the veneers on teeth numbers 23 and 25"; February 5, 2002, was the last day he performed any treatment on the plaintiff; on March 4, 2002, he met with the plaintiff and she reported jaw pain, bleeding gums and misalignment of

when the injury is first sustained or discovered or in the exercise of reasonable care should have been discovered, and except that no such action may be brought more than three years from the date of the act or omission complained of . . . ."

her teeth, but he did not treat her; and on or about March 7, 2002, he met with the plaintiff and her husband to discuss her complaints, and she reported jaw pain and having consulted another dentist, but the defendant did not treat her.

The plaintiff, who had subsequently retained counsel, objected to the defendant's motion, claiming that the action was filed in compliance with § 52-584. Her objection indicated that she had sought, and received, a ninety day extension of the limitations period pursuant to General Statutes § 52-190a (b).[3] Accompanying the objection were a copy of the petition through which the extension was obtained and the plaintiff's affidavit. The petition stated, inter alia, that "the subject matter of this controversy is an alleged medical malpractice which became known to the [plaintiff] on or about November 29, 2001." The plaintiff's affidavit attested only to the fact that an extension had been requested and granted. It did not address the course of treatment and complaints recounted in the defendant's affidavit.

A hearing on the summary judgment motion was held on June 21, 2005. The defendant's counsel argued that because the plaintiff knew or should have known of any actionable injury by February 5, 2001, the date the plaintiff initially had reported numerous complaints to the defendant, the statute of limitations expired on February 5, 2003. See footnote 2. He argued additionally that the repose provision of the statute operated to bar

[3] General Statutes § 52-190a (b) provides that "[u]pon petition to the clerk of the court where [an] action will be filed, an automatic ninety-day extension of the statute of limitations shall be granted to allow the reasonable inquiry required by subsection (a) of this section. This period shall be in addition to other tolling periods." Subsection (a) of § 52-190a provides, in short, that before filing a personal injury action against a health care provider, a potential plaintiff must make "a reasonable inquiry as permitted by the circumstances to determine that there are grounds for a good faith belief that there has been negligence in the care or treatment of the claimant," and must file with the court a certificate attesting to such good faith belief.

the action by May, 2003, three years from the date the defendant had completed the initial reconstructive work on the plaintiff. See id. In response to the argument of the plaintiff's counsel that an extension had been granted, the defendant's counsel submitted that by the time the extension was requested, the action already was untimely. Any extension, therefore, was of no effect.

In its June 29, 2005 memorandum of decision, the court granted the defendant's motion for summary judgment. The court, relying on the portion of the defendant's affidavit enumerating the plaintiff's various complaints of February 5, 2001, agreed with the defendant that on that date, the plaintiff reasonably should have been on notice "that the reconstructive work that [the defendant] had done between March and May, 2000, was causing her injury." It noted that the plaintiff had not provided an evidential foundation to dispute the foregoing conclusion. Reasoning that the plaintiff had two years from February 5, 2001, to initiate her action and that she did not bring it until February 26, 2004, when the defendant was served with process, the court concluded that the action was time barred. It further determined that because the negligent conduct complained of was the reconstructive work completed in May, 2000, "under the repose provision of [§ 52-584], the three year clock expired in May, 2003, well before this action was commenced in February, 2004."[4]

On July 5, 2005, the plaintiff's counsel filed a motion to reargue the motion for summary judgment, which

[4] The court noted that the plaintiff had sought and received an extension of the limitations period pursuant to General Statutes § 52-190a (b), but agreed with the defendant that the extension was ineffective insofar as it had not been applied for until November, 2003, several months after the limitations period had run. See Gabrielle v. Hospital of St. Raphael, 33 Conn. App. 378, 386, 635 A.2d 1232 (holding extension ineffective to revive action when already untimely), cert. denied, 228 Conn. 928, 640 A.2d 115 (1994).

the court denied. Thereafter, the plaintiff's counsel filed a supplemental motion to reargue, which also was denied. This appeal followed.

The plaintiff claims on appeal that the court improperly rendered summary judgment in favor of the defendant. She argues, in essence, that the defendant's affidavit was insufficient to dispose of all of the issues of material fact raised by her complaint. According to the plaintiff, her complaint alleged that the defendant performed substantial work on her teeth on February 5, 2002, and the defendant's affidavit failed to establish that this work, as opposed to the initial treatment that was provided in 2000, was not a partial cause of her injuries. She claims further that by requiring her to present evidence in support of the allegations in the complaint that the defendant's affidavit did not address, the court improperly placed the burden on her to establish that there existed a genuine issue of material fact. The defendant, in contrast, argues that the court properly granted his motion for summary judgment because the plaintiff failed to produce any evidence to contest whether she had notice of her injuries by February 5, 2001. We agree with the plaintiff.

The law governing summary judgment and the accompanying standard of review are well settled. "Practice Book § [17-49] requires that judgment shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. A material fact is a fact that will make a difference in the result of the case. . . . The facts at issue are those alleged in the pleadings." (Citation omitted; internal quotation marks omitted.) *Gohel* v. *Allstate Ins. Co.*, 61 Conn. App. 806, 809, 768 A.2d 950 (2001).

"[A]s a general rule, summary judgment may be rendered where the claim is barred by the statute of limitations." (Internal quotation marks omitted.) *Lindsay* v. *Pierre*, 90 Conn. App. 696, 699, 879 A.2d 482 (2005). Nevertheless, "[i]ssues of negligence are ordinarily not susceptible of summary adjudication but should be resolved by trial in the ordinary manner." (Internal quotation marks omitted.) *Stokes* v. *Lyddy*, 75 Conn. App. 252, 258, 815 A.2d 263 (2003); see also *Lagassey* v. *State*, 268 Conn. 723, 739, 846 A.2d 831 (2004) (although sometimes resolvable as matter of law, "the point at which a plaintiff discovered or in the exercise of reasonable care should have discovered an injury is generally a question of fact").

"In seeking summary judgment, it is the movant who has the burden of showing the nonexistence of any issue of fact. The courts are in entire agreement that the moving party for summary judgment has the burden of showing the absence of any genuine issue as to all the material facts, which, under applicable principles of substantive law, entitle him to a judgment as a matter of law. The courts hold the movant to a strict standard. To satisfy his burden the movant must make a showing that it is quite clear what the truth is, and that excludes any real doubt as to the existence of any genuine issue of material fact. . . . As the burden of proof is on the movant, the evidence must be viewed in the light most favorable to the opponent." (Citations omitted; internal quotation marks omitted.) *Allstate Ins. Co.* v. *Barron*, 269 Conn. 394, 405, 848 A.2d 1165 (2004).

It is frequently stated in Connecticut's case law that, pursuant to Practice Book §§ 17-45 and 17-46,[5] a party

---

[5] Practice Book § 17-45 outlines the procedure governing summary judgment motions and provides in relevant part that a party opposing such a motion "shall at least five days before the date the motion is to be considered on the short calendar file opposing affidavits and other available documentary evidence. . . ." Practice Book § 17-46 governs the form of affidavits submitted either in support of, or opposition to, motions for summary judgment.

opposing a summary judgment motion "must provide an evidentiary foundation to demonstrate the existence of a genuine issue of material fact." *Harvey* v. *Boehringer Ingelheim Corp.*, 52 Conn. App. 1, 4, 724 A.2d 1143 (1999). As noted by the trial court in this case, typically "[d]emonstrating a genuine issue requires a showing of evidentiary facts or substantial evidence outside the pleadings from which material facts alleged in the pleadings can be warrantably inferred." (Internal quotation marks omitted.) *New Milford Savings Bank* v. *Roina*, 38 Conn. App. 240, 244, 659 A.2d 1226, cert. denied, 235 Conn. 915, 665 A.2d 609 (1995). Moreover, "[t]o establish the existence of a material fact, it is not enough for the party opposing summary judgment merely to assert the existence of a disputed issue. . . . Such assertions are insufficient regardless of whether they are contained in a complaint or a brief. . . . Further, unadmitted allegations in the pleadings do not constitute proof of the existence of a genuine issue as to any material fact." (Citations omitted; internal quotation marks omitted.) Id., 244–45.

An important exception exists, however, to the general rule that a party opposing summary judgment must provide evidentiary support for its opposition, and that exception has been articulated in our jurisprudence with less frequency than has the general rule. "On a motion by [the] defendant for summary judgment the burden is on [the] defendant to negate each claim as framed by the complaint . . . ." 49 C.J.S. 365, Judgments § 261 (b) (1997). It necessarily follows that it is only "[o]nce [the] defendant's burden in establishing his entitlement to summary judgment is met [that] the burden shifts to [the] plaintiff to show that a genuine issue of fact exists justifying a trial." 49 C.J.S. 366, supra, § 261 (b). Accordingly, "[w]hen documents submitted in support of a motion for summary judgment fail to establish that there is no genuine issue of material fact,

the nonmoving party has no obligation to submit documents establishing the existence of such an issue." *Allstate Ins. Co.* v. *Barron,* supra, 269 Conn. 405; see also *Harvey* v. *Boehringer Ingelheim Corp.*, supra, 52 Conn. App. 8–9 (where summary judgment movant's affidavit did not dispense with factual issues raised by opponents' counterclaim, burden of proof did not shift to opponents, and their "failure to file supporting affidavits was not a fatal flaw to their objection"); cf. 49 C.J.S. 379, supra, § 266 ("if the party moving for summary judgment fails to show that there are no genuine issues of material fact, the nonmoving party may rest on mere allegations or denials contained in his pleadings").

Connecticut's appellate courts have embraced these principles. For example, in *D.H.R. Construction Co.* v. *Donnelly,* 180 Conn. 430, 431, 429 A.2d 908 (1980), the plaintiff creditor brought a fraudulent conveyance action against a defendant husband and wife, alleging in its complaint that the husband, in avoidance of his debts, had "caused [certain real property] to be conveyed" to his wife. The court rendered summary judgment in favor of the wife on the basis of her affidavit, in which she attested that her husband did not own the property at issue and did not transfer it to her. Id., 431–32. On appeal, our Supreme Court reversed the judgment, reasoning that the law governing fraudulent conveyances was broad enough to encompass indirect as well as direct transfers, and although the complaint had alleged the former, the wife's affidavit had addressed only the latter. Id., 433–35. The court concluded that summary judgment was improper "[b]ecause the supporting affidavits of the [wife] fail[ed] to show that there [were] no genuine issues of fact [such that] the factual issues alleged and contested in the pleadings remain[ed] unresolved."[6] Id., 434.

___

[6] Although the plaintiff in *D.H.R. Construction Co.* had submitted affidavits and other documentary evidence in opposition to the defendant wife's motion for summary judgment, our Supreme Court's reversal was not predi-

In *Fogarty* v. *Rashaw*, 193 Conn. 442, 443, 476 A.2d 582 (1984), an action brought by a vehicular passenger to recover damages for personal injuries sustained in an automobile collision, the plaintiff alleged in his complaint that one of the defendants, the operator of the other vehicle,[7] was negligent in five enumerated ways, including speeding. In support of their motion for summary judgment, the defendants submitted the affidavit of a witness, attesting to the negligent driving of the vehicle in which the plaintiff was riding and stating that the defendant operator was not speeding.[8] The court rendered summary judgment in favor of the defendants, reasoning that the witness' uncontested affidavit "remove[d] any real doubt as to the existence of any genuine issue of material fact." (Internal quotation marks omitted.) Id., 444.

On appeal, however, our Supreme Court reversed the judgment because the affidavit relied on addressed only one of the five allegations of negligence raised in the complaint and contained no evidence refuting the remaining allegations. Id., 445. According to the court, because "these factual issues, contested in the pleadings and not even referred to in the defendants' affidavits, remained unresolved, the court was clearly in error in granting the motion for summary judgment." (Internal quotation marks omitted.) Id. Although the foregoing cases are sufficient to illustrate the point, other examples of this procedural dynamic exist. See, e.g., *Allstate Ins. Co.* v. *Barron*, supra, 269 Conn. 409; *Plouffe*

cated on the content of that material, but rather on the failure of the wife's affidavit itself to establish the nonexistence of a material factual issue. See *D.H.R. Construction Co.* v. *Donnelly*, supra, 180 Conn. 432, 434.

[7] The other defendant was the operator's father, who owned the vehicle at issue. *Fogarty* v. *Rashaw*, supra, 193 Conn. 442.

[8] Although the plaintiff also submitted an affidavit, it did not relate to the cause of the accident, but rather, sought an opportunity to depose the defendant operator, who was stationed overseas in the military service. *Fogarty* v. *Rashaw*, supra, 193 Conn. 444.

v. *New York, N.H. & H.R. Co.*, 160 Conn. 482, 488–89, 280 A.2d 359 (1971); *Harvey* v. *Boehringer Ingelheim Corp.*, supra, 52 Conn. App. 9.

We turn now to the matter at hand. To demonstrate his entitlement to summary judgment on timeliness grounds, the defendant, through his affidavit, needed to establish that there was no viable question of fact concerning the plaintiff's obligation to have brought her action within two years and ninety days of discovering the injuries allegedly caused by the defendant's treatment or, in any event, no later than three years and ninety days from the negligent treatment itself. See General Statutes §§ 52-584, 52-190a (b); *Barrett* v. *Montesano*, 269 Conn. 787, 796, 849 A.2d 839 (2004) (holding automatic ninety day extension provided by § 52-190a [b] applicable to both two year discovery and three year repose provisions of § 52-584).

In her March 5, 2004 complaint, the plaintiff alleged negligent treatment by the defendant occurring between March 23, 2000, and March 7, 2002, and consisting of, among other things, the improper installation of veneers. The defendant in his affidavit stated that he completed the plaintiff's initial reconstructive work, including veneers, between March, 2000, and May, 2000, but admitted that he performed additional treatment, including replacement of two veneers, on February 5, 2002.

It is the policy of Connecticut's courts to be solicitous of parties acting pro se; *DuBois* v. *William W. Backus Hospital*, 92 Conn. App. 743, 752, 887 A.2d 407 (2005), cert. denied, 278 Conn. 907, 899 A.2d 35 (2006); as the plaintiff was when she filed her complaint, and, furthermore, "to construe pleadings broadly and realistically, rather than narrowly and technically." (Internal quotation marks omitted.) *Gil* v. *Gil*, 94 Conn. App. 306, 312–13, 892 A.2d 318 (2006). Applying those principles,

we read the plaintiff's complaint as encompassing allegations of negligent treatment in March through May, 2000, but also thereafter, i.e., during her February 5, 2002 appointment at which she received replacement veneers.

There is nothing in the defendant's affidavit purporting to establish that *all* of the treatment allegedly causing the plaintiff's injuries occurred during the initial round of reconstructive work in 2000. In other words, the affidavit does not foreclose the possibility that some of the plaintiff's alleged injuries stemmed from her February 5, 2002 treatment when, according to the affidavit, she received replacement veneers. If in fact that is the case, the plaintiff's action, which was instituted on February 26, 2003, is not time barred. Because the defendant's affidavit did not eliminate all factual issues raised by the allegations of the complaint, the burden of proof never shifted to the plaintiff. As such, she was not obligated to present evidence to survive summary judgment, but instead, could rest on those allegations alone.[9] See *Allstate Ins. Co.* v. *Barron*, supra, 269 Conn. 405; *Harvey* v. *Boehringer Ingelheim Corp.*, supra, 52 Conn. App. 8–9. On the basis of the foregoing analysis, we conclude that the court improperly relied on the defendant's affidavit as a sufficient basis for rendering summary judgment in his favor.[10]

[9] In addition to establishing the dates of treatment, the defendant's affidavit recounts the plaintiff's various complaints to him on February 5, 2001. The court, in reliance on that portion of the affidavit and the failure of the plaintiff to produce any evidence refuting it, concluded that there was no question of fact regarding when the plaintiff discovered her injuries and, consequently, that the action indisputably was time barred. Implicit in the court's conclusion is an assumption that all of the allegedly negligent work was performed in 2000. We believe that assumption was unwarranted, however, as the defendant's affidavit failed, in this regard, to make it "quite clear what the truth is, and [to exclude] any real doubt . . . ." (Internal quotation marks omitted.) *Allstate Ins. Co.* v. *Barron*, supra, 269 Conn. 405.

[10] We are not persuaded by the defendant's arguments in his appellate brief that the plaintiff, in objecting to his summary judgment motion, did not claim specifically that her injuries were caused in part by the February 5, 2002 treatment and, furthermore, that her petition for an extension of

The judgment is reversed and the case is remanded with direction to deny the defendant's motion for summary judgment and for further proceedings according to law.

In this opinion the other judges concurred.

the limitations period indicated that she discovered her injuries on November 29, 2001, i.e., before she received the February 5, 2002 treatment. Regardless of the basis for the plaintiff's objection, the court was bound to evaluate the sufficiency of the defendant's affidavit with reference to the allegations of the complaint which, as we have explained, is broad enough to encompass allegations of negligent treatment occurring on February 5, 2002. This is not a matter in which a party has tried its case on one theory and appealed from the judgment on another. See, e.g., *Janusauskas* v. *Fichman*, 264 Conn. 796, 806–807, 826 A.2d 1066 (2003). Rather, by virtue of the court's rendering of summary judgment, the plaintiff was precluded altogether from trying her case.

In regard to the representation made in the plaintiff's petition for an extension of the limitations period concerning the date she discovered her injuries, we conclude that it was of no consequence because such a petition does not constitute evidence properly considered by a court in ruling on a summary judgment motion. "[O]nly evidence that would be admissible at trial may be used to support or oppose a motion for summary judgment," and the applicable provisions of our rules of practice contemplate "that supporting [or opposing] documents . . . be made under oath or be otherwise reliable." (Internal quotation marks omitted.) *New Haven* v. *Pantani*, 89 Conn. App. 675, 678, 874 A.2d 849 (2005). Here, the representation in the petition pertaining to the date of discovery of the plaintiff's injuries was not made by the plaintiff herself but by an attorney whom the plaintiff briefly had consulted for the purpose of obtaining an extension. That attorney did not make the representations in the petition under oath, nor does he attest therein that he has personal knowledge as to the date the plaintiff discovered her injuries or that he is competent to testify as to that matter. See Practice Book § 17-46.

Moreover, although parties at times are held to be bound by judicial admissions made in their pleadings or in open court; see, e.g., *Rudder* v. *Mamanasco Lake Park Assn., Inc.*, 93 Conn. App. 759, 769, 890 A.2d 645 (2006); the petition is not a "pleading"; see Practice Book § 10-6; and, strictly speaking, it was not submitted to the court for resolution. Consistent with the explicit language of General Statutes § 52-190a (b), it was directed to the "[c]lerk of the Superior Court," who was statutorily required to grant it "automatic[ally] . . . ." General Statutes § 52-190a (b). We note additionally that § 52-190a (b) by its terms does not require one seeking an extension to specify the date her injury was discovered, let alone does it suggest that such a specification, provided before litigation even is commenced, will be treated as a binding concession.