MEMORANDUM OF DECISION ON DEFENDANT’S MOTION FOR SUMMARY JUDGMENT
GUERNSEY, C.J.
In the instant action Plaintiff seeks damages under The Mohegan Torts Code, MTC § 3-241 et seq., for injuries allegedly sustained in a fall in a ladies’ restroom in the Sky Casino. The Defendant has moved for summary judgment on grounds that “[bjeeause there can be no evidence of constructive notice of a specific defect, no genuine issue of material fact exists.”[1] The basis for its contention that no evidence of constructive notice is possible is Plaintiffs admission in deposition testimony that she did not know how long the puddle of water that caused her fall had been there.[2] The Defendant’s motion was not supported by any documents or evidence other than the transcript of Plaintiffs deposition.
In opposition, the Plaintiff introduced the transcript of the deposition of a shift manager of Environmental Services, whose testimony arguably established that employees were assigned to be present in the restrooms at all times, but that it was possible that if an employee was on break, the restroom might be unsupervised (as the Plaintiff testified in her deposition). As the Defendant’s Reply Brief correctly observes, it has long been held in the Gaming Disputes Court that even a violation of policy does not establish constructive notice.[3] Plaintiffs principal argument, however, is that the Defendant has not met its burden of establishing “the nonexistence of any material fact.” As the Connecticut Appellate Court has held:
“[T]he burden of showing the nonexistence of any material fact is on the party seeking summary judgment.... It is not enough for the moving party merely to assert the absence of any disputed factual issue; the moving party is required to bring forward ... evidentiary facts, or substantial evidence outside the pleadings to show the absence of any material dispute.” (Emphasis in original; citation omitted; internal quotation marks omitted.) Doty v. Shawmut Bank, 58 Conn.App. 427, 430, 755 A.2d 219 (2000).
Barasso v. Rear Still Hill Road, LLC, 81 Conn.App. 798, 803, 842 A.2d 1134 (2004). *151 At issue, therefore, is whether the Defendant has met its initial burden, which has been further described as follows:
The courts hold the movant to a strict standard. To satisfy his burden the movant must make a showing that it is quite clear what the truth is, and that excludes any real doubt as to the existence of any genuine issue of material fact.... As the burden of proof is on the movant, the evidence must be viewed in the light most favorable to the opponent.” (Citations omitted; internal quotation marks omitted.) Allstate Ins. Co. v. Barron, 269 Conn. 394, 405, 848 A.2d 1165 (2004).
Rockwell v. Quintner, 96 Conn.App. 221, 228, 899 A.2d 738 (2006). Accordingly, “[w]hen documents submitted in support of a motion for summary judgment fail to establish that there is no genuine issue of material fact, the nonmoving party has no obligation to submit documents establishing the existence of such an issue.” Rockwell v. Quintner, 96 Conn.App. at 229-230, 899 A.2d 738, quoting Allstate Ins. Co. v. Barron, supra, 269 Conn. at 405, 848 A.2d 1165.
I. Proof of Constructive Notice
 The Gaming Disputes Court has consistently followed Connecticut precedent as applied to issues involving constructive notice.[4] As observed by the Gaming Disputes Court of Appeals:
The notice, whether established by direct or circumstantial evidence, however, “must be of the very defect which ocea-sioned the injury and not merely of conditions naturally productive of that defect and subsequently in fact producing it.” Long v. Savin Rock Amusement Co., Inc., 141 Conn. 150, 104 A.2d 221 (1954).
Crenshaw v. Mohegan Tribal Gaming Authority, 11 Am. Tribal Law 94 (2011). As further noted in Crenshaw, the “specific defect” rule is well-established in Connecticut law, despite having what Superior Court Judge Corradino has described as “conceptual difficulty.” Vidro v. Cedar Hill Apartments, L.P., 2008 WL 5573001 (Conn.Super.2008). Any doubt that the Gaming Disputes Court will follow Connecticut precedent in this area is erased by the specific dictate of the applicable provision of the Mohegan Torts Code: “[w]here applicable, the rule of actual or constructive notice shall be applied to determine negligence.” MTC § 3-245.
“The oft-repeated test for establishing constructive notice is ‘[wjhether the condition had existed for such a length of time that the defendant’s employees should, in the exercise of due care, have discovered it in time to have remedied it.’ ” Crenshaw, supra, quoting Morris v. King Cole Stores, Inc., 132 Conn. 489, 493, 45 A.2d 710 (1946). In response to Defendant’s Motion for Summary Judgment, the Plaintiffs submission of the transcript of the deposition testimony of an Environmental shift supervisor sheds no light whatsoever on this issue.[5] The decision on the instant motion for summary judgment *152 thus turns on whether the Defendant has met its initial burden of showing the absence of any issue of material fact.
II. Evidence Submitted in Support of Motion for Summary Judgment
Although MRCP § 49(c)[6] provides that a motion for summary Judgment “shall be supported by such documents as may be appropriate including affidavits, depositions, disclosures, written admissions and like documents,” the Defendant has submitted only the transcript of Plaintiff’s deposition testimony. “Deposition testimony, while not conclusive as a judicial admission,[7] is sufficient to support a summary judgment if it is not contradicted by competent evidence.” CONNECTICUT PRACTICE SERIES, Vol. I, Horton and Knox, § 17-45; Collum v. Chapin, 40 Conn.App. 449, 450 n. 2, 671 A.2d 1329, 1831 n. 2 (1996).
Here, Defendant relies exclusively on deposition testimony from the Plaintiff that she did not see the water on the restroom floor before falling and did not know how long it had been there.[8] Although Defendant’s attorney claimed at oral argument that the only person who could testify on this issue was the Plaintiff, the deposition transcript shows that two other persons were in the restroom at the time of her fall and came to her aid.[9] Plaintiffs testimony on this point is as follows:
Q. And did anybody at any time ever tell you that they had witnessed the fall?
A. Well, the two patrons that were in there did see me fall.
Q. What did they tell you about it? What did they tell you about what they had seen?
A. They just asked me if I was okay. They saw me fall and asked if I was all right.
Q. How do you know they saw you fall? A. Because they were standing right there.
Q. But did they actually tell you, “Hey, we saw what happened. “This is what happened.”
A. Not to my recollection. No, they did not say that.[10]
Viewing the evidence in the light most favorable to the Plaintiff, as required by Rockwell v. Quintner, supra, the Plaintiffs deposition testimony establishes that there were three persons in the restroom at the time Plaintiff fell, and that only one of them, the Plaintiff, had no knowledge of how long the water had been on the restroom floor. Given the lack of any other supporting documentation, the Court is left to speculate as to whether these two patrons were even identified or had any knowledge or information regarding the source of the water or how long it had been on the restroom floor.
Similarly, the lack of supporting documentation concerning the knowledge of the Defendant’s employees assigned to the restroom or to investigate the accident further undermines Defendant’s claim that evidence establishing constructive notice does not exist. Indeed, it is the Defendant’s lack of such documentation that differentiates this case from most (although not all[11]) of the cases cited by Defendant.
*153 The Court is in agreement with the Defendant that, thus far, “the plaintiff has failed to offer any evidence that the defendant had actual or constructive notice of the defective condition .,” [12] It may well be that “there can be no evidence of constructive notice of a specific defect;”[13] but a mere showing that one out of three possible witnesses to the Plaintiffs fall could not establish the length of time that the puddle had existed [14] certainly does not “[exclude] any real doubt as to the existence of any genuine issue of material fact.” Rockwell v. Quintner, supra, 96 Conn.App. at 228, 899 A.2d 738. Given the extremely limited factual showing in support of the instant motion, the Court is in agreement with the reasoning of Smart v. St. Raphael Foundation, 2011 WL 1087159 (Conn.Super. February 25, 2011) and holds that the Defendant’s initial burden has not been met.
Defendant’s Motion for Summary' Judgment is denied.

. Defendant's Motion for Summary Judgment at 11.

. Deposition of Plaintiff at 29.

. In Harris v. Mohegan Tribal Gaming Authority, 1 G.D.R. 86, 3 Am. Tribal Law 474 (2003), Judge Manfredi observed that "[rjegardless of the Defendant’s policy [to keep restrooms clean at all times], it is still incumbent on the Plaintiff to establish that the condition existed for a sufficient period of time such that the Defendant should have, in the exercise of reasonable care, discovered it.” 1 G.D.R. at 88-89, 3 Am. Tribal Law 474.

. The exception is the "mode of operation" analysis introduced by Kelly v. Stop & Shop, 281 Conn. 768, 918 A.2d 249 (2007) and limited by Fisher v. Big Y Foods, Inc., 298 Conn. 414, 3 A.3d 919 (2010). This is specifically excluded by MTC § 3-245, which provides in part: "negligence shall not be deemed to arise from the mode of operation. ”

. At oral argument, Plaintiffs counsel stated that discovery was ongoing, and that further evidence could come to light on this issue. The Court notes that both MRCP § 49(e) and Conn. Prac. Bk. § 17-47 allow for a continuance to permit further discovery where a party cannot present facts essential to justify opposition to a motion for summary judgment, but that no such request for continuance was made in this case.

. Conn. Prac. Bk. § 17-45 is substantially similar.

. Conn. Gen.Stat, § 52-200.

. Deposition of Plaintiff at 29 and 31.

. Deposition of Plaintiff at 31.

. Deposition of Plaintiff at 31 -32.

. Mercado v. Wal-Mart Stores, Inc. 2000 WL 350306 (Conn.Super. March 20, 2000) is similar to the instant case in that the decision appears to rely solely on the Plaintiffs deposition testimony. However, in James v. The *153 Valley-Shore Y.M.C.A., Inc., 125 Conn.App. 174, 6 A.3d 1199 (2010), the Defendant’s motion for summary judgment was supported by the deposition testimony of the Plaintiff, the deposition testimony of the Defendant’s aquatic director, and affidavits from the Defendant’s executive director and membership director. In James the Plaintiff was unable to identify even which step leading into the pool she slipped, whether it was covered with water, or whether it was covered with a slippery residue.

. Defendant’s Reply Brief at 9.

. Defendant's Memorandum of Law at 11.

. Indeed, the Court is unaware of any case brought to the Gaming Disputes Court or otherwise in which the Plaintiff did have actual knowledge of the length of time a specific defect had existed: this element is virtually always established, if at all, by other testimony or evidence. See Witham v. Mohegan Tribal Gaming Authority, 4 G.D.R. 112, 10 Am. Tribal Law 239 (2011) (video surveillance).