MEMORANDUM OF DECISION ON THE DEFENDANT’S MOTION FOR SUMMARY JUDGMENT
EAGAN, J.
BACKGROUND
In 2011, the plaintiff filed this negligence action against the defendant arising *403 out of her fall at Michael Jordan’s Steak House (“the Restaurant”) located in the Mohegan Sun Casino in Uncasville, Connecticut. The Complaint alleges that on the evening of July 30, 2010, the plaintiff, her husband and her son dined at the restaurant. According to plaintiff, as she was walking from the table at which her family had been seated to the exit, she slipped and fell in water on the floor of the Restaurant, thereby sustaining injuries to her knee.
The defendant denies any knowledge or notice of water on the floor before the plaintiff fell, as well as denying that it created the condition.
Subsequently, the defendant filed a Motion for Summary Judgment maintaining that there is no genuine issue of material fact that it did not have actual or constructive notice of the water on which plaintiff alleges she slipped. In support of its Summary Judgment Motion, the defendant submitted the plaintiffs deposition transcript, her husband’s deposition transcript, and an affidavit of Casey Reid, the manager of the Restaurant.
LEGAL STANDARD
Mohegan Rules of Civil Procedure § 49(g) provides that “[Jjudgment shall be rendered forthwith if the pleadings and any other proof show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.” In deciding a motion for summary judgment, the trial court must view the evidence and the pleadings in the light most favorable to the moving party. Anastasia v. General Casualty Co. of Wisconsin, 307 Conn. 706, 711, 59 A.3d 207 (2013); Scrapchansky v. Plainfield, 226 Conn. 446, 450, 627 A.2d 1329 (1993).
Of particular significance in the instant case is the established principle that the moving party, here the defendant, has the burden of proof with regard to a motion for summary judgment. Mingachos v. CBS, Inc., 196 Conn. 91, 111, 491 A.2d 368 (1985). Moreover, if the mov-ant’s papers are insufficient to discharge its burden of proof, the opposing party need not produce contravening material. Walker v. Lombardo, 2 Conn.App. 266, 269, 477 A.2d 168 (1984). “[w]hen documents submitted in support of a motion for summary judgment fail to establish that there is no genuine issue of material fact, the nonmoving party has no obligation to submit documents establishing the existence of such an issue.” Rockwell v. Quintner, 96 Conn.App. 221, 229-30, 899 A.2d 738 (2006), quoting Allstate Ins. Co. v. Barron, 269 Conn. 394, 405, 848 A.2d 1165 (2004). “[A]s we have noted before, a party has the same right to submit a weak case [to the trier of fact] as he has to submit a strong one.” Hunter v. Healey Car & Truck Leasing, Inc,, 41 Conn.App. 347, 350, 675 A.2d 919 (1996).
The pivotal issue in the present Motion for Summary Judgment involves the doctrine of notice. Mohegan Torts Code § 3-245 provides that: “[W]here applicable, the rule of actual or constructive notice shall be applied to determine negligence”. Specifically “[T]he notice, whether actual or constructive, must be notice of the very defect which occasioned the injury and not merely conditions naturally productive of that defect ... Accordingly, business owners do not break their duty to invitees by failing to remedy a danger unless they have had actual or constructive notice of that danger.” DiPietro v. Farmington Sports Arena, LLC, 306 Conn. 107, 116-17 (2012) (Citations omitted.)
With respect to establishing constructive notice: “The oft-repeated test for establishing constructive notice is ‘whether the condition had existed for such a length *404 of time that the defendant’s employees should, in the exercise of due care, have discovered it in time to have remedied it”. Crenshaw v. Mohegan Tribal Gaming Authority, 1 G.D.A.P. 71 (2012). Tribal Law 94 (2011), quoting Morris v. King Cole Stores, Inc., 132 Conn. 489, 493, 45 A.2d 710 (1946).
DISCUSSION
Defendant argues there is no issue of fact that it did not have actual notice of the water based on the affidavit of Casey Reid, the general manager of the Restaurant, in which she states that she was working at the time the plaintiff fell; that she did not know of any water on the Restaurant floor before the accident; and that no employees working at the time of the accident had reported they knew of any such water. This affidavit begs the question of whether the employees referenced knew that water existed on the floor prior to the plaintiffs fall, regardless of whether they reported it. It is the firsthand knowledge of these employees which could be important, not the conelusory statements of Ms. Casey.
With regard to the issue of constructive notice, defendant relies on the deposition transcript of the plaintiff and her husband in which both state they were unaware of the water before the accident or how long it might have been there, as well as the affidavit of Casey Reid, previously referenced. The defendant then concludes that plaintiff offers “unsupported assertions that are pure speculation” as to how and for how long the water was on the floor of the Restaurant before plaintiffs fall. Defendant’s Memorandum In Reply to Plaintiffs Memorandum In Opposition, p. I.[1] According to the defendant, “these unsupported allegations” cannot defeat summary judgment.
The problem with defendant’s reasoning is that it puts the cart before the horse. As the moving party, the defendant has the burden of proving the absence of a genuine issue of material fact and if its papers fail to discharge this burden plaintiff need not produce any contravening material.
Nevertheless, defendant’s position appears to be supported by several Connecticut judicial decisions which not only arose in the context of summary judgment proceedings, but also resulted in judgments for the defendants when plaintiffs’ admissions that they were unaware of the slippery substance on the floor or how long it was there, went unrebutted. Sanchez v. Stamford Hospital, Superior Court, Stamford-Norwalk Judicial District, CV 07 5004963, 2009 WL 3086753 (Sept. 2, 2009, Brazzel-Massaro, J); Bermudez v. Yale New Haven Hospital, Inc., Superior Court, New Haven Judicial District, CV 07 5015631, 2009 WL 4851961 (Nov. 18, 2009, Zemetis, J); Mercado v. Wal-Mart Stores, Inc., Superior Court, Windham Judicial District, CV 99 0060680, 2000 WL 350306 (March 20, 2000, Sferrazza, J); Page v. Burger King Corp., Superior Court, Hartford Judicial District, CV 96 0561567, 1998 WL 389260 (July 2, 1998, Teller, J). None of these decisions indicate, however, whether there were any potential wit *405 nesses that might have firsthand knowledge concerning the existence of the substance on which the plaintiffs slipped, while in the instant case it is clear that there are such potential witnesses.
In her deposition testimony, plaintiff states that there were people at the table across from her table, including! a man who helped her up at the time she fell, as well as waiters walking between the tables near the area where she fell. Thus, while plaintiff and her husband may not have observed any water on the floor, they are only two of several other possible witnesses that were in a position to observe water on the floor and for how long it was there. When that evidence is viewed in the light most favorable to plaintiff, this ease is very much like the situation which existed in Gargano v. Mohegan Tribal Gaming Authority, 5 G.D.R. 68, 11 Am. Tribal Law 149 (2013). There, Chief Judge Guernsey denied the defendant’s motion for summary judgment although he agreed with the defendant that plaintiff had failed to offer any evidence that the defendant had actual notice or constructive notice of the puddle: “but a mere showing that one of three possible witnesses to Plaintiffs fall could not establish the length of time the puddle had existed certainly does not ‘[exclude] any real doubt as to the existence of any genuine issue of material fact.’ Rockwell v. Ouitner [Quintner], 96 Conn.App. [at] 228 [899 A.2d 738]”, Gargano, supra, at 153.
This Court similarly cannot find that, on the extremely limited factual showing defendant has offered in support of its summary judgment motion, it has met its burden of proving the lack of a genuine issue of material fact concerning notice.[2]
CONCLUSION
Defendant’s Motion for Summary Judgment is denied.

, "In her opposition, the plaintiff attempts to create an issue of fact by setting forth the following arguments relating to an affirmative act of negligence: (1) 'The court can infer from the evidence regarding the manner of operation of the restaurar» and the location of the spill that it was likely caused by defendant's employee who spilled water while carrying it or pouring it for a patron; and (2) the location of the spill in the walkway area would permit the court to conclude that water was not spilled by a patron, but rather, by an employee who was in the walkway carrying water or refilling water glasses. (Pi. Opp. Mem. p. 5.)’"

. It is noteworthy that: if the evidence posited here were to be assessed in the context of whether plaintiff had established a prima fa-cie case sufficient to withstand a Motion for Judgment, the result would likely be different. See Fernandez v. Mohegan Tribal Gaming Authority, 5 G.D.R. 9, — Am. Tribal Law — (2011).