CHARLES D. GIANETTI *v.* UNITED HEALTHCARE ET AL.
(AC 26857)

Flynn, C. J., and McLachlan and Gruendel, Js.

Argued October 12, 2006—officially released January 9, 2007

*Charles D. Gianetti*, pro se, the appellant (plaintiff).

*Jonathan J. Kelson*, with whom, on the brief, was *Richard E. Castiglioni*, for the appellees (defendants).

*Opinion*

McLACHLAN, J. The plaintiff, Charles D. Gianetti, appeals pro se following the trial court's rendering of

summary judgment in favor of the defendants, United Healthcare and Marjorie Corriolan, on the ground that the plaintiff's action to collect payment for medical services was time barred. On appeal, the plaintiff claims that the court improperly (1) failed to conclude that there was an issue of material fact with respect to his assertion that the applicable statute of limitations had been tolled and (2) failed to deny the defendants' motion for summary judgment because it was not supported by appropriate documentation. We reverse the judgment of the trial court.

The plaintiff, a plastic surgeon, provided services to Corriolan in October and November, 1996. At that time, United Healthcare was her medical insurance carrier. The plaintiff charged $10,525[1] for his services. That claim, together with an assignment of benefits, was sent to United Healthcare. In March, 1998, United Healthcare sent a payment of $6082.25 to the plaintiff.

When the defendants failed to pay the balance, the plaintiff commenced an action in May, 2003. That action was dismissed on April 23, 2004, because the plaintiff failed to appear for a pretrial conference scheduled for April 22, 2004. On February 16, 2005, the plaintiff initiated a second action against the defendants pursuant to General Statutes § 52-592,[2] the accidental failure

---

[1] In his complaint, the plaintiff alleged that he charged $10,765 for his services. In his appellate brief, however, the plaintiff stated that the amount of the claim submitted to United Healthcare was $10,525. The court's memorandum of decision stated that the plaintiff charged $10,565 for the medical services he provided to Corriolan.

[2] General Statutes § 52-592 (a) provides: "If any action, commenced within the time limited by law, has failed one or more times to be tried on its merits because of insufficient service or return of the writ due to unavoidable accident or the default or neglect of the officer to whom it was committed, or because the action has been dismissed for want of jurisdiction, or the action has been otherwise avoided or defeated by the death of a party or for any matter of form; or if, in any such action after a verdict for the plaintiff, the judgment has been set aside, or if a judgment of nonsuit has been rendered or a judgment for the plaintiff reversed, the plaintiff, or, if the plaintiff is dead and the action by law survives, his executor or adminis-

of suit statute.[3] The plaintiff's claims of breach of contract, quantum meruit and unjust enrichment were the same as set forth in the initial complaint of May, 2003.

The defendants filed special defenses to the plaintiff's complaint. They claimed that United Healthcare paid some or all of the amount allegedly owed the plaintiff and that the plaintiff's claims were barred by the applicable statute of limitations. On July 7, 2005, the defendants filed a motion for summary judgment on the basis of the statute of limitations defense. The plaintiff filed an objection, claiming that the statute was tolled by the partial payment made by United Healthcare in March, 1998. He also stated that he never received the defendants' requests for admissions, which admissions were relied on by the defendants in support of their motion. The court heard oral argument on the motion on July 25, 2005. It granted the motion, without opinion, that same day and notice was sent to the parties. The plaintiff filed an appeal on August 18, 2005. A memorandum of decision was subsequently filed by the trial court on April 18, 2006, in which it concluded that (1) the six year statute of limitations set forth in General Statutes § 52-576 (a) was applicable to the plaintiff's claim, (2) the accidental failure of suit statute requires that the original action be brought within the time limited by law, (3) the plaintiff's first action was not commenced timely and (4) the plaintiff's claims in the present action were therefore barred by the applicable statute of limitations.

The plaintiff claims on appeal that the court improperly rendered summary judgment in favor of the defendants. He argues that the partial payment made by

trator, may commence a new action, except as provided in subsection (b) of this section, for the same cause at any time within one year after the determination of the original action or after the reversal of the judgment."

[3] The defendants do not claim that the plaintiff failed to commence the second action within one year after the original action was dismissed, as is required by the accidental failure of suit statute.

United Healthcare in March, 1998, which is undisputed, tolled the statute and that the initial action was commenced within six years of the date of the partial payment. After the initial action was dismissed in April, 2004, the plaintiff commenced the second action on February 16, 2005, which was within the one year period set forth in the accidental failure of suit statute. For those reasons, the plaintiff claims that he timely commenced both actions. The defendants claim that the statute was not tolled because the plaintiff did not present any evidence or offer any proof that the partial payment was an unequivocal acknowledgement of the debt. Accordingly, they argue that there was no genuine issue of material fact and that the court properly granted their motion for summary judgment.

"The law governing summary judgment and the accompanying standard of review are well settled. Practice Book § [17-49] requires that judgment shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. A material fact is a fact that will make a difference in the result of the case. . . . The facts at issue are those alleged in the pleadings. . . .

"In seeking summary judgment, it is the movant who has the burden of showing the nonexistence of any issue of fact. The courts are in entire agreement that the moving party for summary judgment has the burden of showing the absence of any genuine issue as to all the material facts, which, under applicable principles of substantive law, entitle him to a judgment as a matter of law. The courts hold the movant to a strict standard. To satisfy his burden the movant must make a showing that it is quite clear what the truth is, and that excludes any real doubt as to the existence of any genuine issue of material fact. . . . As the burden of proof is on the

movant, the evidence must be viewed in the light most favorable to the opponent. . . .

"It is frequently stated in Connecticut's case law that, pursuant to Practice Book §§ 17-45 and 17-46, a party opposing a summary judgment must provide an evidentiary foundation to demonstrate the existence of a genuine issue of material fact. . . . [T]ypically [d]emonstrating a genuine issue requires a showing of evidentiary facts or substantial evidence outside the pleadings from which material facts alleged in the pleadings can be warrantably inferred. . . . Moreover, [t]o establish the existence of a material fact, it is not enough for the party opposing summary judgment merely to assert the existence of a disputed issue. . . . Such assertions are insufficient regardless of whether they are contained in a complaint or a brief. . . . Further, unadmitted allegations in the pleadings do not constitute proof of the existence of a genuine issue as to any material fact. . . .

"An important exception exists, however, to the general rule that a party opposing summary judgment must provide evidentiary support for its opposition, and that exception has been articulated in our jurisprudence with less frequency than has the general rule. On a motion by [the] defendant for summary judgment the burden is on [the] defendant to negate each claim as framed by the complaint . . . . It necessarily follows that it is only [o]nce [the] defendant's burden in establishing his entitlement to summary judgment is met [that] the burden shifts to [the] plaintiff to show that a genuine issue of fact exists justifying a trial. . . . *Accordingly, [w]hen documents submitted in support of a motion for summary judgment fail to establish that there is no genuine issue of material fact, the nonmoving party has no obligation to submit documents establishing the existence of such an issue.*" (Citations omitted; emphasis added; internal quotation

marks omitted.) *Rockwell* v. *Quintner*, 96 Conn. App. 221, 227–30, 899 A.2d 738, cert. denied, 280 Conn. 917, 908 A.2d 538 (2006).

In the present case, the complaint alleged that the plaintiff provided surgical services for Corriolan, that a claim in the amount of $10,765, together with an assignment of benefits for payment, were sent to United Healthcare, that United Healthcare made a payment to the plaintiff in the amount of $6082.25 and that United Healthcare failed to follow the appeal provisions set forth in Corriolan's insurance policy for review of the balance due.

The defendants filed their motion for summary judgment, together with a memorandum of law and three exhibits in support of their claims. The three exhibits consisted of a copy of the notice dismissing the original action by the plaintiff in April, 2004, a copy of the requests for admissions that had been mailed to the plaintiff in April, 2005, and a copy of the invoice from the plaintiff to Corriolan indicating that the last date of services rendered was November 5, 1996. The plaintiff did not respond to the requests for admissions within the time specified in Practice Book § 13-23. Accordingly, the defendants argued that the plaintiff was deemed to have admitted the facts contained in the requests for admissions. Because of those admissions, and the fact that the initial action was commenced in May, 2003, the defendants claimed that the plaintiff's second action was time barred because the original action was not brought within six years of November, 1996.

In the plaintiff's objection to the defendants' motion, he argued that United Healthcare's partial payment of $6082.25 tolled the statute of limitations. He also filed a sworn affidavit with his objection, stating that he received that payment from United Healthcare in

March, 1998, that he requested review of the payment by United Healthcare, that United Healthcare denied his request, that a statement for the amount due was sent to Corriolan in December, 1998, that his original action was filed in May, 2003, that the present action was commenced within one year from the date of the termination of the initial action and that he did not receive the defendants' requests for admissions in April, 2005.

The defendants' motion for summary judgment was heard by the court on July 25, 2005. At the conclusion of the parties' arguments, counsel for the defendants addressed the plaintiff's claim that he had not received the requests for admissions mailed in April, 2005. Counsel stated: "And, Your Honor, there is—there is a statement in the plaintiff's objection that certain requests to admit were not received by the plaintiff in this action. That is correct. Your Honor, we—counsel for the defendants had sent out requests to admit, which were then apparently forwarded to an address in Naples, Florida, where service was attempted three times and the unclaimed box is checked on the envelope that was received, Your Honor."

In granting the defendants' motion for summary judgment, the court's memorandum of decision was silent as to the effect of United Healthcare's partial payment in March, 1998. It is apparent, however, that the court relied on the attached requests for admissions in reaching its decision because it quoted from them: "United Healthcare paid the plaintiff $6082.25 for his medical services, which was the normal and customary billing rate for physicians performing similar services." The court's rendering of summary judgment was improper under those circumstances because a genuine issue of fact remains as to whether the partial payment by United Healthcare was a general acknowledgement of the debt, tolling the applicable statute of limitations,

particularly when the support for the defendants' motion consisted of the presumed admissions of the plaintiff to requests for admissions that he never received.

"The Statute of Limitations creates a defense to an action. It does not erase the debt. Hence, the defense can be lost by an unequivocal acknowledgment of the debt, such as a new promise, an unqualified recognition of the debt, or a payment on account. . . . *Whether partial payment constitutes unequivocal acknowledgment of the whole debt from which an unconditional promise to pay can be implied thereby tolling the statute of limitations is a question for the trier of fact. . . .*

"A general acknowledgment of an indebtedness may be sufficient to remove the bar of the statute. The governing principle is this: The determination of whether a sufficient acknowledgment has been made depends upon proof that the defendant has by an express or implied recognition of the debt voluntarily renounced the protection of the statute. . . . But an implication of a promise to pay cannot arise if it appears that although the debt was directly acknowledged, this acknowledgment was accompanied by expressions which showed that the defendant did not intend to pay it, and did not intend to deprive himself of the right to rely on the Statute of Limitations." (Citation omitted; emphasis added; internal quotation marks omitted.) *Cadle Co.* v. *Errato*, 71 Conn. App. 447, 461, 802 A.2d 887, cert. denied, 262 Conn. 918, 812 A.2d 861 (2002).

Here, the defendants claim that the plaintiff failed to prove that the payment in March, 1998, was a general acknowledgement of the debt. As our case law indicates, that issue is fact bound and left to the determination of the trier of fact. Although the defendants claim that the plaintiff admitted in his affidavit that the payment was not a recognition of any debt or a new promise

to pay the alleged balance, the plaintiff stated only that United Healthcare denied his request to review the payment. Furthermore, the defendants acknowledged that they expressly relied on the "undisputed facts" as conclusively established by the plaintiff's failure to respond to the requests for admissions. Counsel for the defendants admitted, however, at the hearing before the trial court and at oral argument before this court, that the requests for admissions somehow were forwarded to a Florida address and that the plaintiff never received them. There is nothing in the trial court file indicating that the plaintiff gave a Florida address as the place to forward pleadings in this case. Because the supporting documentation for the motion for summary judgment consisted of those requests for admissions and the plaintiff did not have the opportunity to respond as directed by our rules of practice, the submitted documentation failed to establish the absence of a genuine issue of material fact with respect to the statute of limitations defense.

The judgment is reversed and the case is remanded with direction to deny the defendants' motion for summary judgment and for further proceedings in accordance with law.

In this opinion the other judges concurred.