******************************************************

The "officially released" date that appears near the beginning of each opinion is the date the opinion will be published in the Connecticut Law Journal or the date it was released as a slip opinion. The operative date for the beginning of all time periods for filing postopinion motions and petitions for certification is the "officially released" date appearing in the opinion. In no event will any such motions be accepted before the "officially released" date.

All opinions are subject to modification and technical correction prior to official publication in the Connecticut Reports and Connecticut Appellate Reports. In the event of discrepancies between the electronic version of an opinion and the print version appearing in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports, the latest print version is to be considered authoritative.

The syllabus and procedural history accompanying the opinion as it appears on the Commission on Official Legal Publications Electronic Bulletin Board Service and in the Connecticut Law Journal and bound volumes of official reports are copyrighted by the Secretary of the State, State of Connecticut, and may not be reproduced and distributed without the express written permission of the Commission on Official Legal Publications, Judicial Branch, State of Connecticut.

******************************************************

RAB PERFORMANCE RECOVERIES, LLC *v.*
ANTHONY C. JAMES
(AC 35859)

Lavine, Sheldon and Pellegrino, Js.

*Argued March 17—officially released July 1, 2014*

(Appeal from Superior Court, judicial district of
Fairfield, Radcliffe, J.)

*Anthony C. James*, self-represented, the appellant
(defendant).

*Jeanine M. Dumont*, for the appellee (plaintiff).

*Opinion*

LAVINE, J. The self-represented defendant in this debt collection action, Anthony C. James, appeals from the judgment of the trial court rendered in favor of the plaintiff, RAB Performance Recoveries, LLC. On appeal, the defendant claims that the court, in granting the plaintiff's motion for summary judgment as to liability, improperly concluded that there was no genuine issue of material fact regarding the plaintiff's ownership of the account that is the subject of the complaint. We disagree and, accordingly, affirm the judgment of the trial court.

The record reveals the following relevant facts and procedural history. On January 11, 2012, the plaintiff commenced this action and alleged in a two count complaint that the defendant (1) defaulted on a Chase Bank USA (Chase) credit account[1] and (2) was liable for the account stated. The plaintiff alleged that "[it] purchased title to this debt on [June 30, 2011] for valuable consideration and as such is the bona fide owner of the debt." The defendant answered the complaint, in which he alleged that he was "without knowledge or information sufficient to form a belief as to the truth of the allegations."

On April 12, 2012, the plaintiff served the defendant with requests for admission. See Practice Book § 13-22. The requests for admission included statements, which, if not contested, admitted each material allegation of the complaint. The defendant responded to the plaintiff's requests for admission on May 11, 2012, by objecting to each request on various grounds.[2] On June 5, 2012, the plaintiff filed a motion to determine the sufficiency of the defendant's responses to the requests for admission pursuant to Practice Book § 13-23 (b).[3] On June 18, 2012, the court, *Tyma, J.*, found that the defendant's responses to the plaintiff's request for admissions did not comply with § 13-23 (a).[4] The court granted the plaintiff's motion and ordered the defendant to submit amended responses by July 13, 2012. The court specifically ordered that if the defendant failed to file an appropriate response, and the plaintiff filed an affidavit attesting to the truth of the facts at issue, the court would consider the defendant's insufficient response as an admission.

Notwithstanding the court's order, the defendant failed to amend his responses[5] and, on October 15, 2012, the plaintiff filed a motion for summary judgment as to liability pursuant to Practice Book § 17-44. The plaintiff appended to the motion a sworn affidavit of an administrative manager of the plaintiff, Mary LeBental, who averred that the defendant defaulted on the subject credit account and that the plaintiff owned the account and was entitled to collect the debt. Accompanying the affidavit of LeBental were copies of monthly statements

of the subject account for the period from June, 2008 through November, 2009, as well as two assignment agreements that documented the sale of unpaid credit accounts from Chase to the plaintiff.[6]

The defendant filed an objection to the plaintiff's motion for summary judgment in which he argued that the plaintiff had not provided evidence that it was the owner of the subject account. The defendant did not file a counteraffidavit, but rather appended copies of various collection letters that the defendant had received from Chase and other collection agencies attempting to collect the debt on behalf of Chase. We note that these letters predated the assignment of the account to the plaintiff. Thus, none of the letters contradicted the plaintiff's claim of ownership or otherwise raised a genuine issue of material fact.

Following a hearing on November 5, 2012, the court, *Radcliffe, J.*, granted the plaintiff's motion for summary judgment as to liability. The defendant, thereafter, filed an appeal to this court, which was dismissed for lack of a final judgment on January 23, 2013. The defendant filed a motion for judgment, which Judge Radcliffe granted on June 18, 2013. The court found that the defendant owed the plaintiff $7067.69 in damages plus costs in the amount of $362. This appeal followed.

The defendant claims that the court improperly granted the plaintiff's motion for summary judgment as to liability when it determined that there was no genuine issue of material fact as to the plaintiff's ownership of the debt in question. Specifically, the defendant contends that the plaintiff failed to provide credible evidence that the defendant's account was assigned by Chase to the plaintiff. We disagree.[7]

It is well established that our review of the trial court's decision to grant summary judgment is plenary. See *Marinos* v. *Poirot*, 308 Conn. 706, 712, 66 A.3d 860 (2013). Pursuant to Practice Book § 17-49, summary judgment "shall be rendered forthwith if the pleadings, affidavits, and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Our rules of practice make clear that the party moving for summary judgment carries the burden of proving that there is no genuine issue of material fact by supporting its motion with affidavits and other documents. Practice Book § 17-45. Our rules also require that an adverse party "shall at least five days before the date the motion is to be considered on the short calendar file opposing affidavits and other available documentary evidence." Practice Book § 17-45.

"Once the moving party has met its burden . . . *the opposing party must present evidence that demonstrates the existence of some disputed factual issue*"; (emphasis added; internal quotation marks omitted)

*Marinos* v. *Poirot*, supra, 308 Conn. 712; or the motion for summary judgment will be granted. This is so because "[o]nce [the] [movant's] burden in establishing his entitlement to summary judgment is met . . . the burden shifts to [the nonmovant] to show that a genuine issue of fact exists justifying a trial." (Internal quotations marks omitted.) *Rockwell* v. *Quintner*, 96 Conn. App. 221, 229, 899 A.2d 738, cert. denied, 280 Conn. 917, 908 A.2d 538 (2006).

In the present case, the defendant has made a variety of assertions but has failed entirely to produce evidence to controvert the plaintiff's motion, which was supported by the affidavit of LeBental and other documentary evidence that demonstrated that the plaintiff was the owner of the credit account in question. On the basis of this evidence, the plaintiff has met its burden of demonstrating that there is no genuine issue of material fact as to ownership. Because the defendant has not filed a counteraffidavit with the court or any other documentary evidence demonstrating the existence of a genuine issue of material fact, as required by Practice Book § 17-45, the trial court properly granted the motion for summary judgment. Stated differently, the defendant has failed to show the existence of a factual question that justifies a trial.

Although the defendant filed an objection to the motion for summary judgment in which he argued that there was a genuine issue of material fact as to the plaintiff's ownership of the debt,[8] our rules of procedure make clear that an unsworn and conclusory assertion is insufficient to defeat a motion for summary judgment. See Practice Book § 17-45; *2830 Whitney Avenue Corp.* v. *Heritage Canal Development Associates, Inc.*, 33 Conn. App. 563, 567, 636 A.2d 1377 (1994) ("existence of [a] genuine issue of material fact must be demonstrated by counteraffidavits and concrete evidence").

Furthermore, by ignoring the court's clear order and failing to amend his responses to the plaintiff's requests for admission, the plaintiff's ownership of the credit accounts has been conclusively established pursuant to Practice Book § 13-24.[9] "In *Orenstein* v. *Old Buckingham* [*Corp.*, 205 Conn. 572, 575–77, 534 A.2d 1172 (1987)], our Supreme Court affirmed the granting of a summary judgment on the basis of admissions by a party who did not respond to requests to admit, even though an opposing affidavit was filed. The present case is even more favorable to sustaining the trial court's [ruling as to liability] because here, although [the defendant] filed an unsworn statement in response to the plaintiff's motion for summary judgment, he did not file an opposing affidavit." *Allied Grocers Cooperative, Inc.* v. *Caplan*, 30 Conn. App. 274, 280, 620 A.2d 165 (1993).

The judgment is affirmed.

In this opinion the other judges concurred.

[1] The complaint alleged that the defendant became indebted to Chase in

the sum of $7067.69 resulting from the defendant's use of a credit account.

[2] In his answer to the plaintiff's requests for admission, the defendant objected to nearly every question, even inquiries concerning basic information. For instance, the defendant was asked whether he resided at a particular address "at all relevant times," which was defined expressly as "any time during which [the defendant] had this Credit Card Account." The defendant objected because " 'at all relevant times' is lacking clarity of meaning, as no specific dates are given."

Moreover, the defendant objected to a number of requests because the defendant's entire twelve digit credit card number was redacted and identified only by the last four digits. Although requests for admission are served and not filed with the court, plaintiff's counsel stated that the account number was redacted in light of Practice Book § 4-7, which requires that certain personal information, including financial account numbers, be redacted from documents filed in court. Also, in an attempt to resolve the defendant's objection regarding the redacted account number, the plaintiff, in a letter dated May 17, 2012, informed the defendant that the account number was redacted for his protection, but then stated the full account number to the defendant.

[3] Practice Book § 13-23 (b) provides in relevant part: "The party who has requested the admission may move to determine the sufficiency of the answer or objection. . . . If the judicial authority determines that an answer does not comply with the requirements of this rule, it may order either that the matter is admitted or that an amended answer be served. . . ."

[4] Practice Book § 13-23 (a) provides in relevant part: "[The response to a request for admissions] shall specifically deny the matter or set forth in detail the reasons why the answering party cannot truthfully admit or deny the matter. A denial shall fairly meet the substance of the requested admission, and when good faith requires that a party qualify his or her answer or deny only a part of the matter of which an admission is requested, such party shall specify so much of it as is true and qualify or deny the remainder. An answering party may not give lack of information or knowledge as a reason for failure to admit or deny unless such party states that he or she has made reasonable inquiry and that the information known or readily obtainable by him or her is insufficient to enable an admission or denial. A party who considers that a matter of which an admission has been requested presents a genuine issue for trial may not, on that ground alone, object to the request; the party may deny the matter or set forth reasons why he or she cannot admit or deny it. . . ."

[5] Among the matters deemed admitted were: "13. Do you admit that the defendant has no evidence to support the denial of the allegations of the plaintiff's complaint herein?" and "28. Do you admit plaintiff is the owner of this debt and has the right to enforce this debt?"

[6] The plaintiff also included with the motion copies of the defendant's answer, the defendant's responses to the plaintiff's requests for admission, and Judge Tyma's order finding that the responses were insufficient.

[7] The defendant also claims that court erred by (1) "not setting aside the judgment in this matter due to lack of subject matter jurisdiction, as the plaintiff lacked standing to bring about a cause of action," and (2) "allowing an affidavit, prepared thirteen months after the alleged sale and assignment to the plaintiff, to be considered as additional evidence in the plaintiff's motion for summary judgment" because it was not a valid business record. These claims are without merit.

Because we conclude that the trial court properly found that no genuine issue of material fact exists that the plaintiff is the owner of the account in question, the plaintiff easily demonstrated that it has standing. See *Wilcox* v. *Webster Ins., Inc.*, 294 Conn. 206, 214, 982 A.2d 1053 (2009) (standing requires only " 'a colorable claim of injury' ").

With respect to the defendant's hearsay argument, the court's consideration of Lebental's affidavit was proper, and in fact, required by our rules of procedure. See Practice Book § 17-45 ("[a] motion for summary judgment shall be supported by such documents as may be appropriate, including but not limited to affidavits"). Moreover, the defendant has failed to show how LeBental's affidavit was in any way inadmissible as evidence.

[8] The gravamen of the defendant's argument that there is a genuine issue of material fact rests on two assignment agreements that were appended to the LeBental affidavit. These assignment agreements transferred a number of unpaid accounts in bulk. The first, dated June 27, 2011, assigned unpaid accounts from Chase to Global Acceptance Credit Company, LP (Global). The second, dated June 30, 2011, assigned unpaid accounts from Global to the

plaintiff. Both assignment agreements referenced schedules that purportedly included the specific accounts being assigned. These schedules were never disclosed to the defendant and are not in the record. Accordingly, without the attached schedules, the assignment agreements do not, in and of themselves, indicate which accounts were assigned. The fact that the plaintiff has not disclosed these schedules, however, is of no legal consequence given that LeBental averred in her affidavit that, based on her personal knowledge and the assignment agreements, the plaintiff was the owner of the debt, and the defendant has failed to introduce any evidence to the contrary.

[9] Practice Book § 13-24 (a) provides in relevant part: "Any matter admitted under this section is conclusively established unless the judicial authority on motion permits withdrawal or amendment of the admission. . . ."

———————————————————